JIMMIE EDWARD NUCKOLES,

s/k/a JAMES NUCKOLS

v.

COMMONWEALTH OF VIRGINIA

No. 0048-90-2

Decided August 6, 1991

1084

COUNSEL

Joseph W. Kaestner (Theodore M. Galanides; Kaestner, Galanides & Spieth, on brief), for appellant.

Michael T. Judge, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

DUFF, J.—The sole issue before this Court is whether a trial court has the authority to impose a period of incarceration as a condition of suspending the execution of a five year penitentiary sentence. We hold that the trial court has such authority and, therefore, we affirm.

Jimmie Edward Nuckoles was convicted of taking indecent liberties with a minor. He was sentenced to five years in the penitentiary, all of which were suspended for a period of twenty years based on several conditions, one of which was that he serve twelve months in jail to be followed by supervised probation.

One month after being released from jail, the defendant was arrested again on new charges of taking indecent liberties with children. A revocation hearing was held, at which time the trial judge imposed the suspended sentence, crediting the defendant for the twelve months he served in jail.

The sentencing order in the present case read as follows:

[T]he defendant is sentenced to confinement in the penitentiary of this Commonwealth for a term of Five years with Five years suspended for a period of Twenty years on the

conditions that the defendant . . . serve Twelve months in the jail of this County. . . . The Court places the defendant on supervised probation upon his release from incarceration.

Nuckoles contends that under Code § 18.2-370 a court has the authority to sentence a person convicted of a class six felony to one of two maximum punishments: either twelve months in jail or five years in prison, but not both. He claims that our decision is controlled by *Smith v. Commonwealth*, 222 Va. 700, 284 S.E.2d 590 (1981). We disagree. Contrary to the present case, the defendant in *Smith* did not challenge the trial court's authority to impose a jail term as a condition of probation. In fact, he conceded that this sentence "was within the Court's authority under § 19.2-306." *Smith*, 222 Va. at 702, 284 S.E.2d at 591.

In *Smith*, after the defendant violated the terms of his probation, the trial court revoked its suspension of imposition of sentence and imposed a ten month jail term. However, after serving this ten month jail term, the defendant violated the conditions of probation again, for which the trial court then imposed a penitentiary sentence. The Virginia Supreme Court held that the sentencing authority vested in the trial court by Code § 19.2-306 was exhausted when the court first revoked its suspension of imposition of sentence and imposed the ten month jail term. Therefore, the court was without authority to impose any further sentence.

In the present case, however, the court imposed a five year penitentiary sentence and suspended the execution of this sentence based on several conditions, one of which was that the defendant serve a twelve month jail term. Code § 19.2-303 allows a trial judge, after conviction, to suspend a sentence in whole or in part, and in addition, to place the defendant on probation "under such conditions as the court shall determine." The statute places wide discretion in the trial court to determine what conditions are to be imposed in each particular case. The Virginia Supreme Court has noted the wide latitude the legislature has afforded trial courts in fashioning rehabilitative programs for defendants. "Inherent in the power granted under § 19.2-303 . . . to suspend imposition or execution [of sentence,] is the power to place conditions on such suspension." *Grant v. Commonwealth,* 223 Va. 680, 685, 292 S.E.2d 348, 351 (1982).

■ The only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be "reasonable." *Dyke v. Commonwealth*, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952). The concept of what constitutes reasonableness was developed in *Loving v. Commonwealth*, 206 Va. 924, 147 S.E.2d 78 (1966), *rev'd on other grounds*, 388 U.S. 1 (1967). *Loving* observed that a condition of suspension "must be reasonable, having due regard to the nature of the offense, the background of the offender and the surrounding circumstances." *Loving*, 206 Va. at 930, 147 S.E.2d at 83. We find nothing in the record which indicates that the imposition of a jail term as a condition of probation in this case was unreasonable.

The obvious purpose of affording trial courts discretion in matters of suspension and probation is to provide a remedial tool to use in the rehabilitation of criminals. A jail condition serves a punitive function, demonstrating to offenders the seriousness of their conduct. Moreover, this condition also serves as a deterrent by giving offenders a taste of what lies ahead if they do not reform their conduct. Cohen & Gobert, *The Law of Probation and Parole* 240-41 (1983).

Other states have held that trial courts have the authority to impose a period of incarceration as a condition of probation under similar or analogous statutes.[1] The Supreme Court of Ohio, in *Tabor v. Maxwell*, 175 Ohio St. 373, 376, 194 N.E.2d 856, 858 (1963), went even further in holding that where a defendant accepts the court's conditioning his probation on the condition that he serve a term in jail, he is prohibited from challenging this condition in an action "to procure his release from the penitentiary, where he was subsequently sentenced after violating his probation." *Tabor*, 175 Ohio St. at 376, 194 N.E.2d at 858.

---

[1] *See In re Appeal in Pima County Juvenile Action*, 133 Ariz. 296, 650 P.2d 1278 (1982) (the statute, which provides the authority for the court to determine conditions of probations, includes the authority to impose a period of incarceration as a condition of probation); *State v. Jones*, 327 So. 2d 18 (Fla. 1976) (trial courts have the authority to require incarceration as a condition of probation pursuant to statute, which allows trial courts to add conditions of probation which they deem proper); *Creps v. State*, 94 Nev. 351, 581 P.2d 842, *cert. denied*, 439 U.S. 981 (1978) (statute that grants the trial court power to "fix the terms and conditions" of probation includes power to impose term of incarceration in county jail as condition of probation).

The trial court, upon revocation of Nuckoles' sentence, gave him credit for the time he served in jail. Therefore, Nuckoles will, in fact, be incarcerated no more than five years. This sentence was within the trial court's authority under Code § 19.2-306.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Baker, J., concurred.

Benton, J., dissenting.

Jimmie Edward Nuckoles was convicted of taking indecent liberties with a minor in violation of Code § 18.2-370, a class six felony. The punishments for a class six felony are "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $1,000, either or both." Code § 18.2-10(f). Although the statute authorizes a penitentiary sentence or a jail sentence, but not both, the trial judge creatively sentenced Nuckoles to both. The pertinent part of the sentencing order reads as follows:

[T]he defendant is sentenced to confinement in the penitentiary of this Commonwealth for a term of Five years with Five years suspended for a period of Twenty years on the conditions that the defendant keep the peace, be of good behavior and obey all laws, serve Twelve months in the jail of this County, submit to the Chesterfield Mental Health Clinic or any private clinic for counseling which is to be approved by the probation officer, pay Court costs of [$]95.00 and any interest that may accrue until the balance is paid in full.

The Court places the defendant on supervised probation upon his release from incarceration.

The defendant is remanded to jail.

Because the statute pursuant to which Nuckoles was convicted, authorized the trial judge to sentence Nuckoles to jail or the penitentiary, but not both, I would hold that a trial judge has neither statutory nor inherent authority to impose incarceration in jail as

a condition for suspension of an imposed penitentiary sentence. Accordingly, I dissent.

"[T]he choice of sentencing procedures is a matter for legislative determination." *Ballard v. Commonwealth*, 228 Va. 213, 218, 321 S.E.2d 284, 287 (1984), *cert. denied*, 470 U.S. 1085 (1985). No statute authorizes the trial judge to circumvent the punishment statute. Where the legislature has designated punishments for classes of offenses, it should appear to be obvious that "courts cannot set punishments that are inconsistent with the statutory penalties." *Spencer v. Whyte*, 167 W. Va. 772, 775, 280 S.E.2d 591, 593 (1981).

The trial judge's authority to suspend a sentence is statutorily derived.

> After conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine or *may, as a condition of a suspended sentence, require the accused to make at least partial restitution to the aggrieved party or parties for damages or loss caused by the offense for which convicted, or to perform community service, or both, under terms and conditions* which shall be entered in writing by the court.

Code § 19.2-303 (emphasis added). The statute does not permit the procedure employed by the trial judge, i.e., suspension of the penitentiary sentence *in whole* conditioned upon incarceration in jail. The trial judge's inherent power to apply the common law does not empower the trial judge to "create a common law rule where the common law principle is that the court lacks inherent jurisdiction over the subject matter of the rule." *Spencer*, 167 W. Va. at 775, 280 S.E.2d at 593.

If the trial judge had intended to sentence Nuckoles to five years in the penitentiary but wanted Nuckoles to be incarcerated for only a year, the trial judge had the authority under Code § 19.2-303 to suspend four years of the five year prison sentence. Because Code § 18.2-10(f) required the trial judge to opt between incarceration in the penitentiary or incarceration in jail, the trial judge could not have split the sentence and sentenced Nuckoles

under the authority of Code § 18.2-10(f) to one year in jail and five years in the penitentiary, suspending only the penitentiary sentence. By circumventing the limits of Code § 18.2-10(f) and structuring what the trial judge perceived to be an appropriate sentence, the trial judge has moved into the legislative domain. If the practice is to be approved, the legislature should do so, not this Court.

That the trial judge's order states that Nuckoles' incarceration in jail is a condition of suspension of the penitentiary sentence does not render it any less a sentence of incarceration. Simply put, the imposition of twelve months of incarceration in jail was not a suspension of sentence, but, rather, the imposition of the lesser authorized alternative sentence. I find nothing in *Grant v. Commonwealth*, 223 Va. 680, 292 S.E.2d 348 (1982); *Loving v. Commonwealth*, 206 Va. 924, 147 S.E.2d 78 (1966), *rev'd*, 388 U.S. 1 (1967); or *Dyke v. Commonwealth*, 193 Va. 478, 69 S.E.2d 483 (1952), to suggest that a trial judge may fashion a sentence in excess of the prescriptions contained in Title 18.2, Chapter 1, Article 3 of the Code.

In addition to violating the legislatively mandated classification of offenses and punishments, the imposition of a period of incarceration as a condition for suspension of incarceration is patently unreasonable. According to the majority's reasoning, the trial judge could have suspended the five year sentence on the condition that Nuckoles serve seventy-two months in jail or any lesser or greater term of months that the trial judge deemed appropriate. Alternatively, following the same logic, the trial judge could have suspended the five year sentence on the condition that Nuckoles serve one year in prison, one year in jail, and pay a fine of two thousand dollars. It should be obvious from these examples that these are legislative determinations that are outside the trial judge's range of authority. Because the penalty is termed a "condition" of suspension does not mean that it is not punishment and that the trial judge may levy *any* condition that the trial judge deems appropriate. Legislatively imposed restrictions on an individual judge's sentencing discretion were established to avoid unreasonable and unpredictable results arising from a criminal conviction.

The majority's analogy to the power of a trial court to impose incarceration as a condition of probation suffers the same defect.

Although the trial judge did not impose the jail sentence as a condition of probation, had he done so that too would have been beyond a trial judge's inherent and statutory authority. The trial judge's powers to suspend sentences and grant probation derive from statute and must be exercised within the bounds of the legislative grant of authority. *Bryant v. Commonwealth*, 198 Va. 148, 151, 93 S.E.2d 130, 132 (1956); *see also Richardson v. Commonwealth*, 131 Va. 802, 809, 109 S.E. 460, 463 (1921). "[C]ourts [do] not possess the inherent power to grant probation." *Spencer*, 167 W. Va. at 774, 280 S.E.2d at 592-93. The right to probation is a legislative prerogative. *Id.* "[M]ost courts which have dealt with this issue have refused to find a right to incarcerate as a condition of probation unless their probation statute expressly so provides." *Id.* at 776, 280 S.E.2d at 594. The policy of granting probation in addition to a period of confinement is statutorily legitimate only if it is done as authorized by statute. Our statutory scheme does not authorize, however, the use of incarceration as a condition of probation. Code § 19.2-303 simply authorizes the trial judge to "suspend the sentence in . . . part and in addition may place the accused on probation." The practice of splitting the sentence so that a convicted defendant is subject to being incarcerated both in the penitentiary and in the jail, in circumvention of the punishment statutes, is unauthorized and cannot be disguised as a condition for probation.

Additionally, conditioning probation on incarceration is an illogical, contradictory, paradoxical, and internally inconsistent concept. "Probation by its very nature implies the absence of incarceration." *Stone v. State*, 43 Md. App. 329, 336, 405 A.2d 345, 348 (1979). It is, in fact, both illegal and unreasonable to make incarceration a "condition of probation."

Probation . . . is intended as an alternative to confinement in cases where the trial judge deems that both the defendant and the public would benefit. In suspended imposition cases its purpose is to allow the first-time offender to rehabilitate himself without the trauma of imprisonment or the stigma of a conviction record. Protection is provided the public through supervision by a probation officer and the continuing jurisdiction of the trial court to revoke probation and impose sentence should any of the conditions of probation be violated.

*State v. Marshall*, 247 N.W.2d 484, 487 (S.D. 1976). "[T]he great majority of [state courts, which have addressed this issue] have held that a . . . [jail] sentence [as a condition of probation] may not be utilized by the trial judge without express legislative authority." *Davis v. United States*, 397 A.2d 951, 960 (D.C. 1979). Our General Assembly has expressly authorized, at most, the imposition of a probationary period only after the service of a partially suspended, lawful sentence. Again, there is no explicit or implicit authority granted to a trial judge to suspend a lawful sentence and impose probation conditioned on an otherwise impermissible order of imprisonment. Probation is freedom coupled with behavioral restrictions; it is not institutional confinement.

I agree with the majority that *Smith v. Commonwealth*, 222 Va. 700, 284 S.E.2d 590 (1981), was "a case of suspension of imposition of sentence" and is not factually congruent to this case. Although Smith did "not challenge the trial court's authority to fix the . . . jail term as a condition of probation," the Supreme Court made an observation that is apropos to this case.

> The trial court might originally have imposed up to five years in the penitentiary *or* up to twelve months in jail and a fine. Code § 18.2-10(f). The disjunctive language of the statute prescribes penalties in the alternative. When the trial court revoked suspension of imposition of sentence for the first probationary violation and imposed a ten-month jail term, the sentencing authority vested in it by Code § 19.2-306 was exhausted. Because the trial court was without jurisdiction to impose the penitentiary sentence, the order appealed from is null and void. Accordingly, that order will be vacated and defendant, having served the sentence imposed, will be released from custody and probation.

*Id.* at 702-03, 284 S.E.2d at 591. The Court's language tacitly recognizes that the sentencing procedures must conform to the statutory framework. Imposition of a jail term is, in fact, an imposition of a statutorily authorized sentence. Merely reciting that the jail sentence was a condition of the suspension of sentence does not change the reality that the trial judge ordered Nuckoles to be incarcerated under his authority to impose the verdict of the jury. Semantical niceties do not change the reality or effect of the incarceration order.

When an accused is granted probation, he is also granted his liberty and freedom from confinement in a jail or penitentiary. Unless there is specific statutory authority to the contrary, a trial court may not on the one hand grant probation and on the other hand impose institutional confinement or a jail sentence as a condition of that probation. Trial courts have a wide discretion in imposing certain conditions upon a probationer, but not included within its discretionary power is the authority to impose jail confinement as a condition.

*People v. Ledford*, 173 Colo. 194, 196, 477 P.2d 374, 375 (1970).

For class six felonies, the trial judge had authority to impose "a term of imprisonment of not less than one year nor more than five years, or . . . confinement in jail for not more than twelve months." Code § 18.2-10(f). Here, under the guise of a "condition" of a wholly suspended sentence, Nuckoles has served a twelve month sentence in jail. He in fact has served a complete and statutorily authorized legal sentence for his crime. Accordingly, the continued incarceration of Nuckoles is patently unlawful.