COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


JASON ANTHONY JACKSON
                                              OPINION BY
v.    Record No. 0119-98-2           JUDGE DONALD W. LEMONS
                                            APRIL 6, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF HALIFAX COUNTY
                 Charles L. McCormick, III, Judge

           Buddy A. Ward, Public Defender (Office of the
           Public Defender, on brief), for appellant.

           Kathleen B. Martin, Assistant Attorney
           General (Mark L. Earley, Attorney General;
           Lisa R. McKeel, Assistant Attorney General,
           on brief), for appellee.



     Jason A. Jackson was convicted of one count of statutory

burglary in violation of Code § 18.2-91 and one count of petit

larceny in violation of Code § 18.2-96.  On appeal, he argues

that the trial court erred in imposing a juvenile sentencing

option as a condition of suspending the execution of a prison

sentence.  Because we hold that the trial court committed no

error, we affirm the convictions.

                       I.  BACKGROUND

     Jason A. Jackson was indicted for one count of statutory

burglary and one count of grand larceny arising from events that

occurred on or about April 16, 1997.  On May 13, 1997, pursuant

to Code § 16.1-269.1(A), Jackson, a sixteen-year-old juvenile, was transferred from the Halifax Juvenile and Domestic Relations District Court to the Circuit Court of the County of Halifax to be tried as an adult for both charges. At a hearing held on June 30, 1997, Jackson appealed his transfer to the circuit court. By order entered the same day, the court upheld the transfer of the charges to the circuit court and permitted the Commonwealth to seek an indictment.

On September 12, 1997, pursuant to a plea agreement, Jackson pled guilty to the charge of statutory burglary and the reduced charge of petit larceny. On December 12, 1997, the trial court sentenced Jackson to ten years in prison for the statutory burglary charge to be served concurrently with one year in prison for the petit larceny charge. The court suspended his entire sentence for both convictions upon the conditions that Jackson be committed to the Department of Juvenile Justice pursuant to Code § 16.1-285.1 until he turned twenty-one, that Jackson complete the "Serious Offender Program" of the State Department of Juvenile Justice, and that he be of good behavior for ten years upon his release from the Department of Juvenile Justice.

II.  CONDITIONAL SENTENCE

A trial court is permitted to sentence a juvenile offender as an adult, under certain circumstances.  Code § 16.1-272 provides in pertinent part:

> (A)  In any case in which a juvenile is indicted, the offense for which he is indicted and all ancillary charges shall be tried in the same manner as provided for in the trial of adults, except as otherwise provided with regard to sentencing.  Upon a finding of guilty of any charge other than capital murder, the court shall fix the sentence without the intervention of a jury.
>
> 1.  If a juvenile is convicted of a violent juvenile felony, the sentence for that offense and for all ancillary crimes shall be fixed by the court in the same manner as provided for all adults, but the sentence may be suspended conditioned upon a successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.
>
> 2.  If the juvenile is convicted of any other felony, the court may sentence or commit the juvenile offender in accordance with the criminal laws of this Commonwealth or may in its discretion deal with the juvenile in the manner prescribed in this chapter for the hearing and disposition of cases in the juvenile court, including, but not limited to, commitment under § 16.1-285.1.

Code § 16.1-285.1 permits a trial court to sentence a juvenile offender over the age of fourteen who is considered a "serious offender."  A juvenile may be committed under Code § 16.1-285.1(A) if he or she was found guilty of an offense

which would have been a felony if committed by an adult and if either,

> (i) the juvenile is on parole for an offense which would be a felony if committed by an adult, (ii) the juvenile was committed to the state for an offense which would be a felony if committed by an adult within the immediately preceding twelve months, (iii) the felony offense is punishable by a term of confinement of greater than twenty years if the felony was committed by an adult, or (iv) the juvenile has been previously adjudicated delinquent for an offense which if committed by an adult would be a felony punishable by a term of confinement of twenty years or more, and the circuit court, or the juvenile or family court, as the case may be, finds that commitment under this section is necessary to meet the rehabilitative needs of the juvenile and would serve the best interests of the community, then the court may order the juvenile committed to the Department of Juvenile Justice for placement in a juvenile correctional center for the period of time prescribed pursuant to this section.

Code § 19.2-303 provides that, "[a]fter conviction, whether with or without a jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine . . . ."

Jackson pled guilty to statutory burglary, a felony, and petit larceny, a misdemeanor. Had Jackson been found guilty of a violent juvenile felony defined in Code § 16.1-228, the trial judge would be required pursuant to Code § 16.1-272(A)(1) to

sentence him as an adult, but the court could suspend the adult sentence "conditional upon successful completion of such term and conditions as may be imposed in a juvenile court upon disposition of a delinquency case."  Because statutory burglary is not considered a violent juvenile felony, the trial court sentenced him pursuant to Code § 16.1-272(A)(2).  Code § 16.1-272(A)(2) does not require the imposition of an adult sentence, but authorizes it, and further authorizes a juvenile sentence.  Jackson argues that the trial court did not have the authority under Code § 16.1-272(A)(2) to order a "combination of sentences which impose a juvenile commitment and an adult prison sentence . . . ."  Jackson contends that the word "or" in the text of Code § 16.1-272(A)(2) reflects a legislative intent to prohibit a judge from sentencing a juvenile both as an adult and as a juvenile "serious offender" pursuant to Code § 16.1-285.1.

We disagree.  In Nuckoles v. Commonwealth, 12 Va. App. 1083, 407 S.E.2d 355 (1991), the defendant was convicted of taking indecent liberties with a child in violation of Code § 18.2-370, and was sentenced to five years in the penitentiary, which was suspended for a period of twenty years based upon various conditions, including that "he serve twelve months in jail to be followed by supervised probation."  Id. at 1084, 407 S.E.2d at 355.  After his release from jail, the defendant was arrested on new charges for a similar offense.  The court held a

revocation hearing, and the trial judge imposed the five year suspended sentence, crediting him for the twelve months he served in jail. See id. at 1084, 407 S.E.2d at 355.

The defendant in Nuckoles argued that "under Code § 18.2-370 a court has authority to sentence a person convicted of a class six felony to one of two maximum punishments: either twelve months in jail or five years in prison, but not both."[1] Id. at 1085, 407 S.E.2d at 356. We disagreed and stated, "the court imposed a five year penitentiary sentence and suspended the execution of this sentence based on several conditions, one of which was that the defendant serve a twelve-month jail term." Id. at 1085, 407 S.E.2d at 356. In upholding the trial court's revocation of the defendant's suspended sentence, we stated:

> Code § 19.2-303 allows a trial judge, after conviction, to suspend a sentence in whole or in part, and in addition, to place the defendant on probation "under such conditions as the court shall determine." The statute places wide discretion in the trial court to determine what conditions are to be imposed in each particular case. The Virginia Supreme Court has noted the wide latitude the legislature has afforded trial courts in fashioning rehabilitative programs for defendants. Inherent in the power granted under § 19.2-303 . . . to suspend imposition or execution [of sentence,] is

---

[1] Code § 18.2-10 authorizes punishments for conviction of a felony. For Class 6 felonies, punishment is "a term of imprisonment of not less than one year nor more than five years, or in the discretion of the jury or the court trying the case without a jury, confinement in jail for not more than twelve months and a fine of not more than $2,500, either or both."

                    the power to place conditions on such
                    suspension.

Id. at 1085, 407 S.E.2d at 356 (citations omitted).  The "only

limitation placed upon the discretion of the trial court in its

determination of what conditions are to be imposed is that a

condition be 'reasonable.'"  Id. at 1086, 407 S.E.2d at 356

(citation omitted).

        In the case before us, Jackson pled guilty to statutory

burglary and petit larceny.  At the sentencing hearing,

Jackson's counsel requested that the court sentence him as a

"juvenile as a serious offender" to keep Jackson out of the

penitentiary system. The Commonwealth stipulated that Jackson

qualified as a serious offender under the definition of the

statute but opposed the court's sentencing him under this

statute, citing two previous commitments of Jackson to a

juvenile facility.

        The court considered Jackson's age, physical size, and

previous offenses, stating, "we could put him in this serious

offender program and give him a chance down there but at the

same time let it be known that if he didn't take advantage of

it, of that chance, then I would transfer him over to the adult

system. . . ."  In deciding to sentence Jackson as a "serious

offender" under Code § 16.1-285.1, the court intended to benefit

Jackson by keeping him out of the penitentiary system as

                                _

requested by his counsel.  If we adopted the construction of Code § 16.1-272(A)(2) advanced by Jackson, less serious offenders would be deprived of an option given juveniles convicted of a "violent juvenile felony."  We do not believe the legislature intended such a result.

As we stated in Nuckoles,

> [t]he obvious purpose of affording trial courts discretion in matters of suspension and probation is to provide a remedial tool to use in the rehabilitation of criminals. A jail condition serves a punitive function, demonstrating to offenders the seriousness of their conduct.  Moreover, this condition also serves as a deterrent by giving offenders a taste of what lies ahead if they do not reform their conduct.

Id. at 1086, 407 S.E.2d at 356.

We find nothing in the record indicating that the imposition of a juvenile sentencing option as a condition of suspending the execution of Jackson's prison sentence was unreasonable.  We therefore affirm the sentence imposed by the trial court.

Affirmed.

Benton, J., concurring.

I adhere to the view I expressed in Nuckoles v. Commonwealth, 12 Va. App. 1083, 1087-92, 407 S.E.2d 355, 357-60 (1991) (Benton, J., dissenting), that absent legislative authorization a trial judge may not impose incarceration in jail as a condition for suspending a prison sentence.  However, I believe the juvenile offender sentencing statute contains that authorization, and, therefore, I agree with the majority that the trial judge did not err.

Code § 16.1-272 expressly grants the trial judge the discretion to suspend a prison sentence imposed on a juvenile who was tried as an adult and convicted of a violent felony.  It states that "the sentence may be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case."  Code § 16.1-272(A)(1).  Given this express grant of discretion under Code § 16.1-272(A)(1), which applies to violent juvenile felonies, I find no logical reason to deny similar authority under Code § 16.1-272(A)(2), which applies to non-violent juvenile felonies.  If the trial judge has discretion to sentence a violent juvenile felon as an adult, yet commit the juvenile to the juvenile system as a condition of a suspended sentence, the legislature surely intended the trial judge to have the same discretion when sentencing a non-violent

juvenile felon.  To hold otherwise would mean that violent juvenile felons who are sentenced as adults could be committed to the juvenile system while trial judges who decide to sentence non-violent juvenile felons as adults would have no choice but to commit the juvenile to the adult prison system.  I believe the legislature did not intend such an anomalous result.

By placing the various sentencing schemes within one statute, the legislature has given a clear indication that it intended to grant trial judges authorization to exercise the same discretion under Code § 16.1-272(A)(2) as the trial judge would exercise under Code § 16.1-272(A)(1).  "[A] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine the 'true intention of each part.'  In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment." Virginia Real Estate Bd. v. Clay, 9 Va. App. 152, 157, 384 S.E.2d 622, 625 (1989) (citation omitted).

For these reasons, I concur in affirming the trial judge's decision.