BENTON, Judge,
concurring.
I adhere to the view I expressed in Nuckoles v. Commonwealth, 12 Va.App. 1083, 1087-92, 407 S.E.2d 355, 357-60 (1991) (Benton, J., dissenting), that absent legislative authorization a trial judge may not impose incarceration in jail as a condition for suspending a prison sentence. However, I believe the juvenile offender sentencing statute contains that authorization, and, therefore, I agree with the majority that the trial judge did not err.
*425 Code § 16.1-272 expressly grants the trial judge the discretion to suspend a prison sentence imposed on a juvenile who was tried as an adult and convicted of a violent felony. It states that “the sentence may be suspended conditioned upon successful completion of such terms and conditions as may be imposed in a juvenile court upon disposition of a delinquency case.” Code § 16.1-272(A)(1). Given this express grant of discretion under Code § 16.1-272(A)(1), which applies to violent juvenile felonies, I find no logical reason to deny similar authority under Code § 16.1-272(A)(2), which applies to nonviolent juvenile felonies. If the trial judge has discretion to sentence a violent juvenile felon as an adult, yet commit the juvenile to the juvenile system as a condition of a suspended sentence, the legislature surely intended the trial judge to have the same discretion when sentencing a non-violent juvenile felon. To hold otherwise would mean that violent juvenile felons who are sentenced as adults could be committed to the juvenile system while trial judges who decide to sentence nonviolent juvenile felons as adults would have no choice but to commit the juvenile to the adult prison system. I believe the legislature did not intend such an anomalous result.
By placing the various sentencing schemes within one statute, the legislature has given a clear indication that it intended to grant trial judges authorization to exercise the same discretion under Code § 16.1-272(A)(2) as the trial judge would exercise under Code § 16.1-272(A)(1). “[A] fundamental rule of statutory construction requires that courts view the entire body of legislation and the statutory scheme to determine the ‘true intention of each part.’ In construing statutes, courts should give the fullest possible effect to the legislative intent embodied in the entire statutory enactment.” Virginia Real Estate Bd. v. Clay, 9 Va.App. 152, 157, 384 S.E.2d 622, 625 (1989) (citation omitted).
For these reasons, I concur in affirming the trial judge’s decision.