# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Arnold O. Peterson

March 22, 2001

Case No. CR951617F05

BY JUDGE JOSEPH A. LEAFE

This matter comes before the Court on Defendant Peterson's Motion to Vacate part of his sentence ordered by the Honorable John E. Clarkson. Defendant was convicted of Aggravated Involuntary Manslaughter in violation of Virginia Code § 18.2-36.1(B), Felony eluding police resulting in death in violation of Code § 46.2-817, and Misdemeanor driving while intoxicated in violation of Code § 18.2-266. The total sentence imposed was forty years with twenty years suspended and with twenty-one years probation, the first four years supervised, upon release from confinement. Defendant petitioner claims that the twenty-one year's probation is in violation of Virginia Code § 19.2-295.2 as excessive.

Defendant contends that the maximum post release supervision sentence permissible under the relevant code section is three years. Therefore, defendant asserts that the other 18 years of probation must be set aside as void. *Batts v. Commonwealth*, 30 Va. App. 1, 12-13 (1999), citing *Deagle v. Commonwealth*, 214 Va. 304, 199 S.E.2d 509 (1973) (citations omitted). Section 19.2-295.2(A) reads as follows:

> At the time the court imposes sentence upon a conviction for any felony offense committed (i) on or after January 1, 1995, the court may, and (ii) on or after July 1, 2000, shall in addition to any other punishment imposed if such other punishment includes an active term of incarceration in a state or local correctional facility, except in cases

in which the court orders a suspended term of confinement of at least six months, impose a term of postrelease supervision of not less than six months nor more than three years, as the court may determine. Such additional term shall be suspended and the defendant placed under postrelease supervision upon release from the active term of incarceration. The period of supervision shall be established by the court; however, such period shall not be less than six months nor more than three years. Periods of postrelease supervision imposed pursuant to this section upon *more than one felony conviction may be ordered to run concurrently. Periods of postrelease supervision imposed pursuant to this section may be ordered to run concurrently with any period of probation the defendant may also be subject to serve.*

Assuming that this section applies in this case, the Court finds that the Court had authority to impose a maximum of three years supervised probation for each felony, a total of twelve years. *Boyd v. Commonwealth*, 28 Va. App. 537, 507 S.E.2d 107 (1998). The Court imposed only four years supervised. Therefore the sentence was not excessive under this section.

In the alternative, under Code §§ 19.2-303 and 19.2-303.1, the Court has authority to suspend any sentence and place the accused on probation. Section 19.2-303 states in relevant part that "the court may suspend imposition of sentence in whole or part and in addition may place the accused on probation under such conditions as the court shall determine." Section 19.2-303.1 states that the where the court suspends a sentence it may fix the suspension period for a reasonable time depending on the gravity of the offense. The only requirement is that the conditions imposed be "reasonable." *Jackson v. Commonwealth*, 29 Va. App. 418, 512 S.E.2d 838 (1999). Therefore, the twenty-one year probationary period, with four years supervised, imposed in this case is not void as it is reasonable in light of the offense(s).

Defendant's Motion to Vacate is denied.