COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Bumgardner and Agee
Argued at Salem, Virginia


GENEVA MAE HOOKER ABBOTT

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 3076-00-3       JUDGE JERE M. H. WILLIS, JR.
                                       FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                       James F. Ingram, Judge

            S. Jane Chittom, Appellate Defender (Public
            Defender Commission, on brief), for
            appellant.

            Leah A. Darron, Assistant Attorney General
            (Randolph A. Beales, Acting Attorney General;
            Kathleen B. Martin, Assistant Attorney
            General, on brief), for appellee.


     This appeal arises from orders revoking the suspension of

prison sentences previously imposed upon Geneva Mae Hooker

Abbott and re-suspending those sentences.  Abbott contends that

the trial court lacked authority to condition re-suspension of

her sentences upon her "good behavior for the rest of her

natural life" because the prior sentencing order suspended those

sentences on condition that she remain of good behavior for ten

years only.  She argues that the enlargement of the term of

suspension amounts to a retroactive increase in sentence and is,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

therefore, void.  Finding no error, we affirm the judgment of the trial court.

## I.  BACKGROUND

On September 4, 1984, Abbott was convicted of sixteen counts each of forgery, uttering, and petit larceny.  The trial court sentenced her to confinement for thirty-four years and 1,440 days, but suspended thirty-one years, nineteen months and 1,440 days conditioned on ten years good behavior following a one year period of probation.

On July 28, 1989, the trial court held that Abbott had violated the terms of her probation and revoked the suspension of her sentences.  It then re-suspended the sentences on the condition that Abbott serve six months in jail and be of good behavior for ten years following a two-year period of probation.

On August 28, 2000, Abbott was again convicted of forgery and uttering, the offenses having been committed on March 24, 2000.  On November 27, 2000, the trial court again revoked the suspension of Abbott's sentences.  It sentenced her to serve two years in prison, but re-suspended the remaining time on the condition that she be of "good behavior for the rest of her natural life."

## II.  ANALYSIS

Abbott did not assert her position on appeal before the trial court.  Rule 5A:18 bars its consideration on appeal unless the sentence is void.  Nesbit v. Commonwealth, 15 Va. App. 391,

-

394, 424 S.E.2d 239, 240 (1992). Abbott concedes that she made at trial no objection to the sentence imposed and that she can prevail on appeal only if the sentencing order is void.

Trial courts are granted broad discretion in matters of suspension and probation. See, e.g., Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085-86, 407 S.E.2d 355, 356 (1991); Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982). "The only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be 'reasonable.'" Nuckoles, 12 Va. App. at 1086, 407 S.E.2d at 356 (citing Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952)).

The trial court "may fix the period of suspension for a reasonable time, having due regard to the gravity of the offense, without regard to the maximum period for which the defendant might have been sentenced." Code § 19.2-303.1. "The court may, for any cause deemed by it sufficient which occurred at any time within the probation period, or if none within the period of suspension fixed by the court, or if neither, within the maximum period for which the defendant might originally have been sentenced to be imprisoned, revoke the suspension of sentence and any probation . . . ." Code § 19.2-306.

The November 27, 2000 order did not enlarge the sentence originally imposed on Abbott. It modified only the conditions of suspension, permitting her to avoid serving the sentence.

-

The conditions imposed, i.e. that she be of "good behavior for the rest of her natural life," are reasonable and constitute no abuse of the trial court's discretion.  Thus, the sentencing order is not void.

The judgment of the trial court is affirmed.

<u>Affirmed.</u>

-