COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Beales, Ortiz and Lorish

RASHID BALIL EBRON

                                                  MEMORANDUM OPINION[*]

v.       Record No. 1245-21-1                               PER CURIAM
                                                         JULY 12, 2022

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Rufus A. Banks, Jr., Judge

(Jennifer T. Stanton, Senior Assistant Public Defender; Indigent
Defense Commission, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Mick, Assistant
Attorney General, on brief), for appellee.


Rashid Balil Ebron appeals from the judgment of the Circuit Court of the City of

Chesapeake revoking his previously suspended sentence of three years and resuspending two years

and four months, leaving him with eight months to serve. Ebron contends that the trial court abused

its discretion by imposing an eight-month active sentence for his probation violation. After

examining the briefs and record, the panel unanimously holds that oral argument is unnecessary

because "the appeal is wholly without merit." Code § 17.1-403(ii)(a); Rule 5A:27(a). We affirm

the judgment of the trial court.

BACKGROUND

"In accordance with familiar principles of appellate review, the facts will be stated in the

light most favorable to the Commonwealth, the prevailing party [below]." *Poole v. Commonwealth*,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

In 2019, the trial court convicted Ebron, upon a guilty plea, for possession of ammunition by a convicted felon and sentenced him to five years of imprisonment with three years suspended. The suspended sentence was conditioned upon an indeterminate period of supervised probation and good behavior, among other conditions. In December 2020, Ebron's probation officer filed a major violation report alleging that Ebron had failed to report for probation and absconded from supervision. In an addendum to the major violation report, the probation officer reported that Ebron had been convicted of assault and battery of a family member in August 2021.

At the revocation hearing, Ebron admitted that he committed the three named violations, including incurring the new conviction. The trial court reviewed the major violation report and the addendum. Ebron's counsel proffered that upon his release, he would live with his mother and that he had spent three weeks at Eastern State Hospital being treated for his mental illness. Ebron argued that the treatment was helping him "stay focused and on track." The Commonwealth noted that Ebron's criminal history began when he was convicted as a juvenile for robbery and that he had "a number of other misdemeanors on his history, some larceny offenses," and then he sustained the underlying possession of ammunition charge, for which the court had ordered probation. The Commonwealth also emphasized that because Ebron had received a new criminal conviction, the sentencing guidelines[1] were discretionary and not mandatory.[2] During allocution, Ebron stated that

---

[1] The sentencing guidelines recommended a sentence of time served to six months' incarceration.

[2] *See* Code §§ 19.2-306, 19.2-306.1(B).

- 2 -

he had "learned a lot of things about society" and admitted that he had made "wrong decisions" while on probation. He expressed his remorse and stated his intention to "respect the law."

The trial court, in pronouncing sentence, found it "quite troubling" that Ebron committed a new offense while on probation. The court further found "just as troubling . . . to a lesser degree" the fact that Ebron "never reported to probation and parole after [he was] released from custody on [his] underlying charge of being a felon in possession of ammunition." In "consideration of those factors," Ebron's statements to the trial court, and argument of counsel, the trial court revoked Ebron's suspended sentence and resuspended two years and four months, leaving Ebron with an active sentence of eight months. This appeal followed.

ANALYSIS

Ebron argues that the trial court abused its discretion after finding him in violation of his probation by imposing an eight-month active sentence. Ebron further contends that the trial court "failed to consider relevant mitigating facts that should have been given significant weight." He asserts that the trial court should have "given more weight" to the fact that he did not receive any active incarceration on the new conviction, he "clearly had mental health needs that were finally being addressed," and he had secured employment and a "reliable place to live."

After suspending a sentence, a trial court "may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Code § 19.2-306(A). "In revocation appeals, the trial court's 'findings of fact and judgment will not be reversed unless there is a clear showing of abuse of discretion.'" *Jacobs v. Commonwealth*, 61 Va. App. 529, 535 (2013) (quoting *Davis v. Commonwealth*, 12 Va. App. 81, 86 (1991)).

> An abuse of discretion . . . can occur in three principal ways: when a relevant factor that should have been given significant weight is not considered; when an irrelevant or improper factor is considered and given significant weight; and when all proper factors, and no

improper ones, are considered, but the court, in weighing those factors, commits a clear error of judgment.

*Landrum v. Chippenham & Johnston-Willis Hosps., Inc.*, 282 Va. 346, 352 (2011). "The evidence is considered in the light most favorable to the Commonwealth, as the prevailing party below." *Jacobs*, 61 Va. App. at 535.

Under Code § 19.2-306(C), if the trial court finds good cause to believe that the defendant has violated the terms of their suspension, the court may revoke the suspension and impose a new sentence. The court can then suspend all or any part of this sentence for a period up to the statutory maximum period for which the defendant might originally have been sentenced, less any time already served, and may place the defendant upon terms and conditions or probation. Ebron does not contend that the trial court lacked sufficient cause to revoke his suspended sentence; indeed, he stipulated that he had violated the terms of the suspended sentence. Rather, Ebron argues only that the trial court should have given significant weight to his mitigation evidence, including his "clear remorse."

"If the court finds the basis of a violation of the terms and conditions of a suspended sentence or probation is that the defendant was convicted of a criminal offense that was committed after the date of the suspension, . . . then the court may revoke the suspension and impose or resuspend any or all of that period previously suspended." Code § 19.2-306.1(B). Ebron was convicted for a new criminal offense during the suspension period. Thus, it was within the trial court's discretion to "impose or resuspend any or all" of the previously-suspended sentence. We now consider whether the trial court abused that discretion.

Ebron claims the trial court disregarded mitigating evidence, such as that he had received suspended time for a new misdemeanor conviction, that he was getting mental health treatment, and that he could live with his mother. But the record reveals that the court, did, in fact, weigh these factors. Before issuing the new sentence, the circuit court said it had considered Ebron's

- 4 -

statements to the court and counsel's argument, along with the major violation report. There were also sufficient aggravating factors to support the trial court's sentence. The trial court emphasized the "troubling" nature of Ebron's complete failure to report to supervision upon his release on the underlying charge and his having been convicted of assault and battery during the suspension period.

"The statutes dealing with probation and suspension are remedial and intended to give the trial court valuable tools to help rehabilitate an offender through the use of probation, suspension of all or part of a sentence, and/or restitution payments." *Howell v. Commonwealth*, 274 Va. 737, 740 (2007). And the General Assembly has provided trial courts with "wide latitude . . . in fashioning rehabilitative programs for defendants." *Hunter v. Commonwealth*, 56 Va. App. 582, 587 (2010) (quoting *Nuckoles v. Commonwealth*, 12 Va. App. 1083, 1085 (1991)). Given Ebron's violations of his probation and other information presented at the September 23, 2021 trial court hearing, we cannot say the trial court abused its discretion by revoking the previously suspended three-year sentence and resuspending two years and four months—or by tailoring his conditions to require, among other things, a substance-abuse assessment and treatment, and a requirement to obey the directives of medical and mental-health providers.

We therefore hold that the sentence the trial court imposed represents a proper exercise of its sentencing discretion.

CONCLUSION

For these reasons, the trial court's decision is affirmed.

*Affirmed.*