COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges O'Brien and Causey
Argued at Lexington, Virginia


BUCK WILSON TERRY, JR.

                                                        OPINION BY
v.        Record No. 1682-23-3          CHIEF JUDGE MARLA GRAFF DECKER
                                                        JULY 16, 2024

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF MARTINSVILLE
G. Carter Greer, Judge

Eric Weathers, Assistant Public Defender (Catherine French
Zagurskie, Chief Appellate Counsel; Virginia Indigent Defense
Commission, on briefs), for appellant.

S. Hallie Hovey-Murray, Assistant Attorney General (Jason S.
Miyares, Attorney General, on brief), for appellee.

The circuit court found Buck Wilson Terry, Jr., in violation of the terms and conditions of

his probation, revoked his five-year suspended sentence, and resuspended three years and six

months.  The active sentence imposed was one year and six months.  Terry argues that the circuit

court erred by imposing a sentence exceeding the range permitted by Code § 19.2-306.1.

Acknowledging that he did not make this argument below, Terry urges us to consider it nonetheless

because the order exceeded the circuit court's authority and was therefore void ab initio.  We

conclude that the judgment below was not void ab initio.  At most, the alleged error could render the

judgment voidable, and therefore the procedural rules for preservation of errors apply.

Consequently, we affirm.

BACKGROUND[1]

At a hearing on March 3, 2023, the circuit court convicted Terry, upon a plea of nolo contendere, of failing to register or re-register as a sex offender. *See* Code § 18.2-472.1(B). That same day, Terry was sentenced to five years of imprisonment, with all time suspended. The court imposed two conditions on the suspended sentence: good behavior and supervised probation. For supervised probation, the court provided only the condition that Terry "must comply with all the rules and requirements set by the [p]robation [o]fficer."

Terry began supervised probation on the date of his sentencing but did not contact the probation office until four days later, on March 7, 2023. When he did so, he did not report that he was a sex offender, which required that he be equipped with a GPS device. Also on March 7, a probation officer visited Terry's reported residence. At that time, the property owner told the probation officer that Terry did not live there and "stop[ped] by" "only periodically."

At a scheduled probation orientation meeting on March 14, Terry was equipped with a GPS device, and he signed two documents: sex offender special instructions and rules for GPS monitoring. Terry acknowledged that based on the instructions his curfew was from 7:00 p.m. to 7:00 a.m., he was prohibited from using alcohol and drugs, and he was forbidden from leaving Virginia.

At 4:58 p.m. that same day, Terry's GPS alarm sounded, indicating that he was in North Carolina. When probation contacted Terry about this, he said he did not know he was in North Carolina and would return immediately to Virginia. The next day, Terry tested positive for amphetamines.

---

[1] "On appeal, '[w]e "view the evidence received at [a] revocation hearing in the light most favorable to the Commonwealth, as the prevailing party, including all reasonable and legitimate inferences that may properly be drawn from it."'" *Green v. Commonwealth*, 75 Va. App. 69, 76 (2022) (alterations in original) (quoting *Johnson v. Commonwealth*, 296 Va. 266, 274 (2018)).

Nine days later, on March 24, 2023, around 6:00 p.m., a second alarm signaled that Terry's "GPS bracelet strap had been cut." When contacted, Terry told his probation officer that he had "gotten jumped" while on a walking trail. He said that two men had tried to take his bicycle and had pushed him into a river. Terry was ordered to report to the probation office. When he arrived, he smelled of alcohol. He denied cutting his GPS bracelet and said he thought it was in the river. Terry refused to submit to a breathalyzer test. To explain the odor of alcohol, he said that his attackers threw beer cans at him.

Terry's probation officer prepared a violation report based on this behavior. Terry's actions were categorized as violating Condition 6 (follow the probation officer's instructions and be truthful, cooperative, and report as instructed), Condition 7 (refrain from using alcohol to the extent it disrupts or interferes with employment or orderly conduct), and Condition 8 (not use or possess drugs or drug paraphernalia). The violation report noted that the Condition 6 violation was the result of Terry's noncompliance with the sex offender special instructions, specifically that he failed to follow the requirements "of complying with GPS rules and regulations, [not] drinking alcohol, and [not] using illegal substances."

Based on the violation report, the court issued a capias and the police arrested Terry. The sentencing revocation report indicated that Terry violated Conditions 6, 7, and 8 of his probation, as well as paragraphs 3 and 10 of the sex offender special instructions. The report provided that the "statutory requirement" of Code § 19.2-306.1 did not apply and recommended imposing one to four years of active time.

At the revocation hearing, Terry conceded that the GPS device had come off his body. He said that he was "not asking for the [c]ourt to not find him in violation." Instead, defense counsel noted that this was Terry's first probation violation. He acknowledged, however, that "because of the GPS anklet[] it is a special condition" that was "required as part of his sex offender probation."

- 3 -

Terry asked the court to impose the time he had already served, a sentence beneath the low end of the guidelines.

The circuit court, using a form order for "Final Decision/Disposition," found Terry in "[v]iolation of [the c]onditions as [c]ited" in the sentencing revocation report. From the bench, the court voiced "concern[]" about his violations of Conditions 7 and 8 but explained that the misbehavior for which it imposed the "jail time" was Terry's violation of the sex offender special condition that he "wear [the] GPS monitor at all times." The court revoked the suspended sentence and resuspended three years and six months of the five-year term, leaving Terry with an active sentence of one year and six months to serve.

ANALYSIS

Terry argues that the circuit court erred by imposing an active sentence of one year and six months. He contends that the court abused its discretion by concluding that any of his probation violations were non-technical under Code § 19.2-306.1. He maintains that the active sentence imposed exceeded the circuit court's authority under Code § 19.2-306.1 and the sentencing order therefore was void ab initio.

"[I]n any case in which the court has suspended the execution or imposition of sentence, [it] may revoke the suspension of sentence for any cause the court deems sufficient that occurred at any time within the probation period[] or within the period of suspension fixed by the court." Code § 19.2-306(A) (noting the applicability of Code § 19.2-306.2); *see Heart v. Commonwealth*, 75 Va. App. 453, 472 (2022). It is equally clear that upon determining that a defendant has violated the terms of his suspended sentence, a circuit court "may revoke th[at] suspension and impose a sentence in accordance with the provisions of [Code] § 19.2-306.1." Code § 19.2-306(C). There are two general categories of violations: technical and non-technical. *See, e.g.*, *Commonwealth v. Delaune*, 302 Va. 644, 655-56 (2023); *Burford v. Commonwealth*,

78 Va. App. 170, 182 (2023); *Thomas v. Commonwealth*, 77 Va. App. 613, 621 (2023) (citing Code § 19.2-306.1).

"Code § 19.2-306.1 limits the period of active incarceration that a circuit court can impose for what the statute refers to as certain 'technical violations' enumerated" in the statute itself.[2] *Heart*, 75 Va. App. at 460-61 (quoting *Green v. Commonwealth*, 75 Va. App. 69, 78 (2022)). "The[] sentencing limits do not apply . . . to . . . non-technical violations." *Thomas*, 77 Va. App. at 622; *see* Code § 19.2-306.1(B). In determining whether a violation is technical or non-technical, the analysis "focuses on the underlying violation conduct itself, not the particular language or label a trial court may have used in imposing a condition of probation." *See Shifflett v. Commonwealth*, ___ Va. App. ___, ___ (July 16, 2024) (en banc) (quoting *Delaune v. Commonwealth*, 76 Va. App. 372, 383 (2023)).

One type of technical violation listed in Code § 19.2-306.1(A) is "failure to . . . follow the instructions of the probation officer." Code § 19.2-306.1(A)(v). In determining whether an instruction was given by a probation officer, an imperative factor to consider is whether the circuit court or the probation officer imposed the condition. *See Shifflett*, ___ Va. App. at ___. If the circuit court imposed the condition, the condition is not among those listed in Code § 19.2-306.1(A), and the probation officer merely supervised its implementation, then it does not constitute a failure to follow the instructions of the probation officer within the meaning of Code § 19.2-306.1(A)(v). *See id.* at ___, ___. Such a violation is non-technical in nature. *Id.* Here, Terry argues that his violations were based on his failure to follow the instructions from his probation officer as opposed to complying with conditions imposed by the circuit court.

---

[2] Code § 19.2-306.1(C) places limits on active sentences for first and second technical violations, allowing no term of incarceration for a first technical violation and granting circuit courts discretion to impose, in some circumstances, up to fourteen days of incarceration for a second. "The court may impose whatever sentence might have been originally imposed for a third or subsequent technical violation." *Id.*

- 5 -

Before engaging in an analysis of the claim on the merits, we must decide whether Terry properly preserved his argument for appeal. *See generally Commonwealth v. White*, 293 Va. 411, 419 (2017) (noting that "[t]he doctrine of judicial restraint dictates" that appellate courts "decide cases 'on the best and narrowest grounds available'" (alteration in original) (quoting *Commonwealth v. Swann*, 290 Va. 194, 196 (2015))). The parties agree that Terry did not argue below that the circuit court lacked authority to impose any jail time because all of his probation violations, considered at the same revocation hearing, were technical in nature. The parties also agree that, as a result, the issue was not preserved in the circuit court. *See* Rule 5A:18. Terry suggests, however, that he can raise this challenge for the first time on appeal because the active sentence imposed was void ab initio.

A judgment that is void ab initio, often simply referred to as void, can be challenged for the first time on appeal because it is a judicial nullity. *See Hannah v. Commonwealth*, 303 Va. 106, 119 (2024); *Cilwa v. Commonwealth*, 298 Va. 259, 266 (2019). In contrast, "objections to voidable errors must be preserved and brought before courts of appeal pursuant to our procedural [r]ules." *Hannah*, 303 Va. at 120.

An order is voidable rather than void if the circuit court erred but acted "within the bounds of its authority." *Id.* "Voidable judgments are more common and usually involve a court's failure to comply with precedent or an applicable statute." *Id.*

In contrast, an order is void ab initio if it is "of a character that the court lacked the power to render."[3] *Id.* (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)); *see also Burrell v. Commonwealth*, 283 Va. 474, 480 (2012) (holding that the sentencing order was void ab initio due to an ultra vires provision); *Amin v. Cnty. of Henrico*, 63 Va. App. 203, 210 (2014) (holding that the conviction was void ab initio because the circuit court "did not have the power to convict" the appellant of "an offense that did not exist"). As the Supreme Court of Virginia held in *Rawls v. Commonwealth*, 278 Va. 213, 221 (2009), "a sentence imposed in violation of a prescribed statutory range of punishment is void ab initio" because the court lacked the power to render it. *Cf. Jones v. Commonwealth*, 293 Va. 29, 49 (2017) ("[W]hen a [circuit] court imposes a sentence outside the range set by the legislature, the court's sentencing order—at least to that extent—is void ab initio because the court has no jurisdiction to do so."). "As the General Assembly circumscribes our courts' power to punish, once a court imposes the greatest sentence statutorily authorized, the court's power is 'exhausted,' and it may punish no more." *Hannah*, 303 Va. at 121 (quoting *Commonwealth v. Watson*, 297 Va. 355, 361 (2019)).

Terry urges us to extend the *Rawls* principle here. *See id.* (noting that the appellant asked for an extension of *Rawls* "beyond initial sentencings to revocation proceedings and resuspensions in a Code § 19.2-306(C) proceeding" but declining to reach the issue). In resolving this issue, the central question is whether a revocation of a suspended sentence and resuspension that misapplies Code § 19.2-306.1 is one that the circuit court lacked the power to

---

[3] In *Hannah*, 303 Va. at 119-20, the Supreme Court of Virginia recognized four other "circumstances that may give rise to judgments which are void ab initio: when '. . . [the judgment] was procured by fraud, . . . the court lacked subject matter jurisdiction, . . . the court lacked jurisdiction over the parties, . . . or . . . the court adopted an unlawful procedure.'" *Id.* at 119-20 (second alteration in original) (quoting *Watson v. Commonwealth*, 297 Va. 347, 350 (2019)). We do not address those other circumstances because Terry does not argue they apply to his case. *See generally Cilwa*, 298 Va. at 269-70 (holding that a revocation order is within the circuit court's subject matter jurisdiction even if it exceeded its procedural parameters in suspending a sentence, ordering probation, or revoking a suspended sentence).

render, thereby making the decision a judicial nullity. *See generally id.* at 119 (noting that the power to suspend a sentence is granted by the General Assembly). It is clear that upon a violation of a condition placed on a sentence suspension, a court may revoke the suspension and may again suspend the sentence or a portion of it. Code § 19.2-306. "A suspension of a criminal sentence is 'either delay in the imposition of a sentence for [a] crime or the staying of execution of the sentence imposed . . . .'" *Cilwa*, 298 Va. at 267 (first alteration in original) (quoting *Richardson v. Commonwealth*, 131 Va. 802, 808 (1921)). Code § 19.2-306.1 controls the amount of time to be resuspended for certain violations by limiting the amount of active time that the court can impose.

According to Terry, the holding in *Rawls*, 278 Va. at 221, should apply here because a period of active time to serve beyond that provided in Code § 19.2-306.1 is also "a sentence imposed in violation of a prescribed statutory range of punishment." Certainly, imposing a term of incarceration in conjunction with a sentence suspension has "a punitive function." *Nuckoles v. Commonwealth*, 12 Va. App. 1083, 1086 (1991) (noting that it also acts to deter prospective offenders); *see also Martinez v. Commonwealth*, 71 Va. App. 318, 332 (2019) (stating the same principle regarding commitment with the Department of Juvenile Justice). It is not, however, the imposition of a *new* punishment. *See Canty v. Commonwealth*, 57 Va. App. 171, 179 n.9 (2010) ("The revocation and resuspension is a new sentencing *event*[,] but it is not a new *sentence*."), *aff'd*, No. 102221 (Va. Oct. 7, 2011).

The *punishment* is—and was—determined at the original criminal sentencing. A sentence suspension, in contrast, is remedial in nature. *See, e.g.*, *Hannah*, 303 Va. at 119; *Burford*, 78 Va. App. at 185-86. The statutory scheme governing sentence suspensions clearly does not confer any additional sentencing power on the courts. It provides for the court to reimpose the remainder of the original sentence or a portion of it. *See* Code § 19.2-306; *Cilwa*,

- 8 -

298 Va. at 269 ("Code §§ 19.2-304 and 19.2-306 govern the procedures for the trial court's *exercise* of authority over suspended sentences, probation, and revocation proceedings."); *Nuckoles*, 12 Va. App. at 1086-87 (holding that a period of active incarceration is a reasonable condition placed on a sentence suspension). Simply put, Code § 19.2-306.1 does not act to "circumscribe[] our courts' power to punish." *See Hannah*, 303 Va. at 121 (noting that sentence suspensions have a remedial purpose).

In the circuit court, the parties and the court operated under the belief that a violation of a sex offender special instruction necessarily constitutes a non-technical violation. Contrary to this understanding of Code § 19.2-306.1, the Supreme Court of Virginia has clarified that the label placed on a violated condition does not control whether the violation is categorized as technical or non-technical. *See Delaune*, 302 Va. at 657-58. The misunderstanding below of Code § 19.2-306.1 and resulting misclassification of the violation, if any such error occurred, constituted a simple misapplication of the statute. A mistake of this nature does not render a judgment void ab initio. *See Hannah*, 303 Va. at 120; *cf. Zedan v. Westheim*, 60 Va. App. 556, 577-80 (2012) (holding that the order was not void ab initio even though the trial court failed to follow the statutory notice requirement).

Consequently, a circuit court's failure to comply with Code § 19.2-306.1 in a sentence revocation order is not activity "of a character that the court lacked power to render." *See Hannah*, 303 Va. at 120 (quoting *Watson*, 297 Va. at 350). As a result, the alleged error would not render the revocation order void ab initio. *See generally Cilwa*, 298 Va. at 272 (holding that a revocation order was not void ab initio because the circuit court acted within its subject matter jurisdiction). Therefore, Terry was required to raise the issue below in order to preserve it for

appeal. *See* Rule 5A:18.[4]  Because he did not do so, consideration of the single assignment of error Terry raises on appeal is barred.

CONCLUSION

We hold the circuit court had the power to render the judgment.  Accordingly, it was not void ab initio.  Terry did not preserve his argument for appeal, and therefore we do not consider it on the merits.  We affirm the circuit court's judgment.

*Affirmed.*

---

[4] The appellant does not ask this Court to invoke the good-cause or ends-of-justice exceptions to Rule 5A:18, and we will not apply the exceptions sua sponte. *Edwards v. Commonwealth*, 41 Va. App. 752, 761 (2003) (en banc), *aff'd by unpub'd order*, No. 040019 (Va. Oct. 15, 2004), *cited with approval in Jones*, 293 Va. at 39 n.5.