## Richmond

Thomas Elliott Deagle v. Commonwealth of Virginia.

October 8, 1973.

Record No. 8248.

Present, All the Justices.

*James E. Bradberry* (*Moore, Weaver, Moore & Bradberry*, on brief), for plaintiff in error.

*Burnett Miller, III, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

Harman, J., delivered the opinion of the court.

Thomas Elliott Deagle (Deagle or defendant) was convicted by a jury in the trial court at a joint trial on indictments charging him with (1) statutory burglary of the store building of York Auto Parts, Inc., and (2) grand larceny of property valued at more than $100 belonging to Apples Auto Parts, Inc. The jury's verdict in each case fixed his punishment at 10 years in the penitentiary and a fine of $1,000.

There was no objection to the form of the verdicts when they were returned. After the jury had been discharged, the trial court deleted the fines and sentenced the defendant to a term of 10 years in the penitentiary on each charge with the sentences to run consecutively.

The jury had been correctly instructed regarding the punishment which it might impose upon conviction under the grand larceny statute, Code § 18.1-100, and statutory burglary statute, Code § 18.1-

89. Each of these statutes provides for punishment upon conviction of the offense by confinement in the penitentiary for not less than one nor more than twenty years or, in the discretion of the jury or the court trying the case without a jury, by confinement in jail for not more than twelve months or by a fine not exceeding one thousand dollars, either or both.

Defendant concedes that his convictions are valid. He argues, however, that the statutes did not authorize the jury to impose both a penitentiary sentence and a fine and that he is entitled to a new trial limited solely to the question of punishment.

The Attorney General argues that the trial court, by not imposing the fine, deleted the invalid portion of the verdict fixed by the jury and that the sentence imposed by the trial court should be affirmed.

A court may impose a valid sentence in substitution for one that is void, even though service of the void sentence has been commenced. *Powell* v. *Commonwealth*, 182 Va. 327, 28 S.E.2d 687 (1944). Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid. *Crutchfield* v. *Commonwealth*, 187 Va. 291, 46 S.E.2d 340 (1948). A sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the court extends, and is invalid only as to the excess. *Royster* v. *Smith*, 195 Va. 228, 77 S.E.2d 855 (1953).

The problem here is to determine the excessive part of the verdict. Under the statute the jury had four alternatives available in fixing Deagle's punishment. These were: (1) to impose a penitentiary sentence of not less than one nor more than twenty years; (2) to fix Deagle's punishment at a jail sentence not exceeding twelve months and a fine not exceeding $1,000; (3) to impose a jail sentence of not more than twelve months; or (4) to impose a fine of not more than $1,000.

Here the jury could have imposed a ten year penitentiary sentence, or it could have fixed his punishment at a fine of $1,000. Either punishment would have been a valid verdict and authorized by statute. But the combination of a penitentiary sentence and a fine was not such a verdict.

Under our Constitution the right of trial by jury is assured in criminal cases. Constitution of Virginia, 1971, Art. I, § 8. And where the defendant does not waive his right to trial by jury, the jury determines his guilt or innocence and, if guilty, ascertains his punishment. Code § 19.1-291,-292.

In both *Hodges* v. *Commonwealth*, 213 Va. 316, 191 S.E.2d 794 (1972), and *Huggins* v. *Commonwealth*, 213 Va. 327, 191 S.E.2d 734 (1972), the penalty fixed by the jury was death. After *Furman* v. *Georgia*, 408 U.S. 238 (1972), which rendered the sentences pronounced on those verdicts invalid, we declined to summarily reduce the death sentences of Hodges and Huggins to life imprisonment as urged by the Attorney General. For, as we noted in *Hodges*,

"... it would be sheer speculation for us to conclude that, if death had not been a permissible punishment, the jury would have fixed the punishment at life imprisonment. The jury might well have agreed upon 99 years, as it did in the Ferguson murder". 213 Va. at 321, 191 S.E.2d at 797.

But the speculative element which was present in *Huggins* and *Hodges* is not present here.

From the verdicts we know that the jury intended that Deagle be sentenced to serve ten years in the penitentiary on each indictment. We also know that the jury wanted Deagle to pay a fine of $1,000 on each indictment.

Common sense and reason dictate that the jury, if it had been required to choose between the two punishments it fixed, would have imposed the greater, the penitentiary sentence, and not the lesser, the fine.

For this reason we find no error by the trial court in deleting the fines and imposing the penitentiary sentences for we perceive no possible prejudice to the defendant from this action.

*Affirmed.*