COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Willis and Overton
Argued at Norfolk, Virginia


REGINA ROBERTS

MEMORANDUM OPINION[*] BY
v.          Record No. 2096-97-1     JUDGE NELSON T. OVERTON
FEBRUARY 24, 1998
CHAD HAIAR


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Verbena M. Askew, Judge

Manolita A. Marmol (Joynes & Marcari, P.C.,
on brief), for appellant.

(Robert A. Boester; Hawkins, Burcher &
Boester, P.C., on brief), for appellee.[1]


The law firm of Joynes & Bieber, P.C.[2] (appellant) appeals

an order of the Circuit Court of the City of Newport News holding

it in summary civil contempt for violation of a court order.

Because we agree with the result, but find the amount of the fine

to be excessive, we modify and affirm.

On September 25, 1995 appellant filed a motion for judgment

on behalf of its client, Regina Roberts.  On November 18, 1996

the trial court entered a "scheduling order," pursuant to Rule

4:13, which required counsel for each party to meet with the

court on March 5, 1997.  The purpose of this pre-trial conference

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

[1]Counsel for appellee waived oral argument.

[2]Joynes & Marcari is the successor in interest to Joynes &
Bieber, the law firm that was held in contempt.

was to identify issues, discuss exhibits, approve witnesses and consider any matters that would facilitate the orderly progress of the trial. The attorney representing appellant, Manolita Marmol, signed the order as "SEEN & AGREED." In spite of this, she did not appear for the pre-trial conference as ordered.

On March 27, 1997 the case was tried before a jury. At that time, appellant objected to the testimony of an expert witness as primarily containing hearsay statements. The trial court sustained the objection, but held that it was more properly the subject for a motion in limine which should have been settled at the pre-trial conference. Subsequently, the trial court held appellant in summary civil contempt and fined it twelve hundred dollars, an amount equal to the fee paid by appellee to the expert witness.

"The courts and judges may issue attachments for contempt, and punish them summarily, only in the following cases: Misbehavior in the presence of the court, or so near thereto as to obstruct or interrupt the administration of justice . . . ." Code § 18.2-456(1). The record indicates that appellant had full and complete notice of the conference and yet did not appear. The trial court found that this action greatly inconvenienced the parties and the court. Under these circumstances, we cannot say that this finding is plainly wrong or without evidence to support it. See Code § 8.01-680.

We must, however, correct the amount of the fine. The trial

court issued the summary contempt order under the auspices of Rule 4:12, which allows the court to punish a party for failing to comply with discovery. There is nothing on the record before us which indicates that appellant failed to comply with any discovery order issued by the court, only that it failed to appear for a conference which was to discuss subjects which impacted the course of trial. Therefore, the court's summary contempt power flowed not from Rule 4:12, but from Code § 18.2-457, which restrains a court from "imposing a fine exceeding fifty dollars." See Robbins v. Grimes, 211 Va. 97, 100, 175 S.E.2d 246, 248 (1970). "A sentence in excess of one prescribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends, and is invalid only as to the excess." Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973) (citing Royster v. Smith, 195 Va. 228, 77 S.E.2d 855 (1953)). Consequently, we now modify the order so as to bring it in line with the statutory limit.

Because the trial court did not err by holding appellant in contempt, but only had the power to punish monetarily up to fifty dollars, we now reduce the fine to fifty dollars and affirm.

Affirmed.