COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Elder
Argued at Richmond, Virginia


RONNIE LEE ROGERS

v.    Record No. 0210-98-2

COMMONWEALTH OF VIRGINIA

OPINION BY
JUDGE JAMES W. BENTON, JR.
APRIL 27, 1999

FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
John W. Scott, Jr., Judge

Elizabeth Virginia Killeen (John F.
Wilkinson, Assistant Public Defender, on
brief), for appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.

The trial judge found that Ronnie Lee Rogers had violated conditions of his suspended sentence and ordered Rogers to participate in the Diversion Center Incarceration Program.  See Code § 19.2-316.3.  Rogers contends the trial judge had no authority to order him to participate in the program because the trial judge already had revoked part of the suspended sentence. He also contends the trial judge violated Code § 19.2-303 and Rule 1:1 by improperly modifying a sentence that had become final.  For the reasons that follow, we affirm the judgment.

I.

In 1995, Rogers pled guilty to a felony charge of concealing merchandise in a store with the intent to convert the merchandise

to his use without paying the purchase price.  See Code §§ 18.2-103 and 18.2-104.  A judge of the circuit court sentenced Rogers to two years in prison and suspended all but six months of the sentence on the condition that Rogers be of good behavior for five years following his release from prison.

The proceeding that gives rise to this appeal commenced on December 10, 1997, when Rogers appeared in the circuit court to show cause "why the sentence previously imposed and suspended should not be revoked, in whole or in part," because of an allegation that Rogers had violated conditions of his 1995 suspended sentence and probation.  During that hearing, Rogers' probation officer testified concerning acts committed by Rogers that violated conditions of his suspended sentence and probation.  The probation officer also testified that she had caused the police to arrest Rogers and that she had placed Rogers into an in-patient program at the Piedmont House for treatment for alcoholism.  While on a furlough from Piedmont House, Rogers was arrested for committing an offense in Prince William County and was terminated from the treatment program.

At the conclusion of the testimony, Rogers' attorney requested the trial judge to "order [Rogers] back into the [Piedmont House] program" and offered in evidence a letter stating that Piedmont House was willing to have Rogers return to the program.  Rogers' attorney also noted that Rogers was required to attend a hearing the following week in Prince William County.

-

Stating her unfamiliarity with the Piedmont House program, the Assistant Commonwealth's Attorney requested the trial judge to consider the Diversion Center Incarceration Program established by Code § 19.2-316.3.

The trial judge "[found] that [Rogers] has violated the terms and conditions of the previously imposed sentence" and then recalled the probation officer to testify concerning the Piedmont House program. During her testimony, the probation officer said she had no dealings with Piedmont House prior to Rogers' placement. She also noted that Rogers had not been evaluated to determine his eligibility for the Diversion Center Incarceration Program. See Code § 19.2-316.3. Following the probation officer's testimony, the trial judge entered an order containing the following pertinent rulings:

> It appearing to the Court that on December 13, 1995, in the Circuit Court of the City of Fredericksburg, Ronnie Lee Rogers was convicted of felony shoplifting. He was sentenced to serve two (2) years in the state penitentiary, and one (1) year and six (6) months of said sentence was suspended on condition that he remain of good behavior for a period of five (5) years, supervised probation and payment of court costs.
>
> After hearing the evidence and argument of counsel, the Court finds that [Rogers] is in violation of the terms and conditions of his suspended sentence, and it is ORDERED that he is sentenced to confinement in jail through January 5, 1998.
>
> It is ORDERED that this case is continued to January 5, 1998 at 9:00 a.m., for final

-

> disposition, and it is ORDERED that [Rogers] remain incarcerated until that time. It appearing to the Court that [Rogers] has a charge in the Prince William Circuit Court, and if he is convicted and sentenced to serve an active period of time, the Attorney for [Rogers] is instructed to advise the Court. If no incarceration is imposed by Prince William Circuit Court or if he is released by Prince William, he shall be returned to the Rappahannock Regional Jail.
>
> The Department of Probation and Parole shall evaluate [Rogers] for his eligibility for participation in the Men's Diversion Center Incarceration Program and file their report with the Court and with counsel. In the alternative, [Rogers'] counsel shall inquire of the Piedmont Program to determine [Rogers'] eligibility for said program, and shall advise the Court by January 5, 1998.

On January 5, 1998, the trial judge again heard testimony from the probation officer, who testified that Rogers was eligible for both programs. Noting Rogers' history of arrests for alcohol-related offenses and the program costs, the probation officer recommended placing Rogers in the Diversion Center Incarceration Program. Rogers' attorney argued that the Piedmont House program was the appropriate placement and further argued that because at the previous hearing, the trial judge revoked several weeks of the suspended sentence, the trial judge did "not [now have] an option to send [Rogers] to [the Diversion Center Incarceration] program."

The trial judge again ruled that Rogers "is in violation of the terms and conditions of the previously" suspended sentence and probation. Invoking Code § 19.2-316.3, the trial judge

-

revoked the "balance of the entire sentence and resuspended" it on condition that Rogers successfully complete the Diversion Center Incarceration Program.  Rogers' attorney objected and stated that the trial judge's December 10, 1997 ruling, which incarcerated Rogers until January 5, 1998, was a sentence that Rogers had served.  The trial judge overruled the objection and explained that Rogers' incarceration had been "transition time" for which the trial judge gave Rogers "credit for the time served while . . . waiting to enter" the Diversion Center Incarceration Program.

## II.

In pertinent part, Code § 19.2-316.3 provides as follows:

> 1.  Following . . . a finding that the defendant's probation should be revoked, upon motion of the defendant, <u>the court may order such defendant committed to the Department of Corrections for a period not to exceed forty-five days from the date of commitment for evaluation and diagnosis by the Department to determine suitability for participation in the Diversion Center Incarceration Program</u>. . . .

> 2.  Upon determination that (i) such commitment is in the best interest of the Commonwealth and the defendant and (ii) facilities are available for the confinement of the defendant, the Department shall recommend to the court in writing that the defendant be committed to the Diversion Center Incarceration Program.

> 3.  Upon receipt of such recommendation and a determination by the court that the defendant will benefit from the program and is capable of returning to society as a productive citizen following successful

-

completion of the program, and if the defendant would otherwise be committed to the Department, <u>the court (i) shall impose sentence, suspend the sentence, and place the defendant on probation pursuant to this section or (ii) following a finding that the defendant has violated the terms and conditions of his probation previously ordered, shall place the defendant on probation pursuant to this section. Such probation shall be conditioned upon the defendant's entry into and successful completion of the Diversion Center Incarceration Program.</u>

(Emphasis added).

Rogers contends the trial judge had no authority to sentence him pursuant to Code § 19.2-316.3 because the trial judge had earlier revoked a part of Rogers' suspended sentence and sentenced him to a period of incarceration for violating his suspended sentence and probation. The Commonwealth argues that Rogers failed to object at the earlier hearing and thereby sent the unmistakable message that the trial judge's proposal was a permissible resolution of the matter. We agree in part with both positions.

At the December 1997 hearing, the trial judge ruled "that [Rogers] has violated the terms and conditions of the previously imposed probation, . . . [and] sentence[d] him to serve . . . a period of incarceration through January 5, 1998." Although the trial judge expressly stated that "[t]his is a conditional order," he also noted that, "[b]y being incarcerated for a period approaching two months, [Rogers] would also have been, in

-

essence, punished for his violation of the terms and conditions of the previously imposed sentence." It is likely that Rogers did not object at that time because the trial judge made the following oral ruling which left open the possibility of a referral to the Piedmont House program that Rogers sought:

> The Office of Probation and Parole shall evaluate [Rogers] to determine his eligibility for the Men's Diversion Center Incarceration Program between now and January 5 returning a report to the Court and to all parties in ample time for a hearing on that date.
>
> In the alternative, Counsel for [Rogers], if he is found to be ineligible for the Men's Diversion Center Incarceration Program, shall inquire of the Piedmont program as to his ability to return and be readmitted into that program effective January 5, 1998, and shall report that fact to the Court at the hearing on January 5th.
>
> That way the Court will be advised as to whether or not both options are still available and will then choose on that date what the Court feels to be an appropriate program.

In any event, Code § 19.2-316.3 permits the trial judge to cause a defendant such as Rogers to be temporarily incarcerated as follows:

> [F]ollowing a finding that the defendant's probation should be revoked, upon motion of the defendant, the court may order such defendant committed to the Department of Corrections for a period not to exceed forty-five days from the date of commitment for evaluation and diagnosis by the Department to determine suitability for participation in the Diversion Center Incarceration Program. The evaluation and

-

> diagnosis may be conducted by the Department
> at any state or local correctional facility,
> probation and parole office, or other
> location deemed appropriate by the
> Department.

Code § 19.2-316.3(1).  Although the trial judge indicated that the temporary detention of Rogers "would also . . . [be], in essence, punish[ment] for his violation of the terms and conditions of the previously [suspended] sentence," we believe that statement was made within the context of the trial judge's decision to detain Rogers while the attorneys explored the two program options.  Certainly, the act of incarcerating Rogers was permitted by Code § 19.2-316.3 and the incarceration, if done pursuant to that statute, could have exceeded the period of time Rogers was in fact incarcerated.

The trial judge stated the order was "conditional" and apparently intended to preserve for Rogers the option of a referral to the Piedmont House program or to the Diversion Center Incarceration Program.  Any error the trial judge may have made in stating that the temporary detention would be punishment was harmless.  The incarceration exposed Rogers to no greater detriment than he would have experienced had the trial judge followed the precise strictures of Code § 19.2-316.3 and stated he was incarcerating Rogers for the sole purpose of evaluation and diagnosis.  Thus, despite the trial judge's December 10, 1997 statement that he was incarcerating Rogers as punishment for violating conditions of the suspended sentence, a

-

review of the entire record shows that the trial judge substantially followed Code § 19.2-316.3.  Indeed, as credit to Rogers for the time he was incarcerated pending the suitability evaluation and diagnosis, the trial judge reduced Rogers' remaining suspended sentence even though Code § 19.2-316.3 did not require such a result.

At oral argument before this Court, Rogers' attorney contended that referral to the Diversion Center Incarceration Program may only occur "upon motion of the defendant."  Code § 19.2-316.3.  She argued that Rogers did not make any such motion.  This objection was not made at trial.  See Rule 5A:18.  More significant, however, we believe the record clearly establishes that when Rogers was before the trial judge and in jeopardy of having his sentence revoked for probation violations, Rogers was seeking referral to a treatment program.  Although Piedmont House was clearly his preference, Rogers was aware at the December hearing that the trial judge was seeking information regarding referrals for each program.  Thus, although the motion from Rogers was not specific as to the Diversion Center Incarceration Program, we conclude that the trial judge's consideration of both programs upon Rogers' motion for referral to Piedmont House was not an abuse of discretion.

### III.

Rogers also contends the trial judge "erred in modifying a sentence imposed at the December 10, 1997 hearing on January 5,

-

1998 in violation of Code § 19.2-303 and Rule 1:1."  Thus, Rogers argues he should be released because he has served the sentence the trial judge ordered.  We disagree.

Code § 19.2-303 pertains to initial sentencing decisions following conviction, not to probation revocation procedures. Code § 19.2-303 has no applicability to the facts and procedural posture of this case.  Furthermore, as we earlier noted, the trial judge was authorized to incarcerate Rogers "for a period not to exceed forty-five days" pending an evaluation as to suitability for placement in the Diversion Center Incarceration Program.  See Code § 19.2-316.3.  The incarceration did not exceed that limitation.

Rogers correctly notes that Rule 1:1 prohibits "[a]ll final judgments, orders, and decrees" from being modified after twenty-one days.  However, the December 10, 1997 order was not a final order under Rule 1:1.  The trial judge ruled that he was "conditional[ly]" ordering Rogers incarcerated until the trial judge had sufficient information to make a determination concerning the alternative programs and to issue a final order. Code § 19.2-316.3 permitted that incarceration as an interim measure.  Thus, we conclude that the trial judge's December 10, 1997 order was such an interim decision.  At the January 5, 1998 hearing, the trial judge received the evaluation pursuant to Code § 19.2-316.3 and entered a sentencing order.  That order

-

was the final order, which the trial judge had authority to enter.

The judgment is affirmed.

<u>Affirmed</u>.