COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


RONALD D. McCRAY

                                       MEMORANDUM OPINION[**] BY
v.    Record No. 1276-99-2            JUDGE JAMES W. BENTON, JR.
                                           MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF COLONIAL HEIGHTS
                        William R. Shelton, Judge

            William B. Bray for appellant.

            (Mark L. Earley, Attorney General; Richard B.
            Smith, Assistant Attorney General, on brief),
            for appellee.  Appellee submitting on brief.


     This appeal arises from orders revoking suspended prison

sentences previously given to Ronald Donnell McCray.  McCray

contends that his sentences for two felony larceny convictions

were void, rendering the trial judge's revocation of the suspended

sentences given pursuant to those convictions a nullity.  He also

contends that the trial judge erred in revoking the suspended

sentence given to him for a possession of cocaine conviction

because that revocation occurred during the same proceeding in

_____

     [*] Justice Lemons participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

which the trial judge revoked the suspensions involving the larceny sentences. For the reasons that follow, we reverse the orders revoking the suspended sentences related to the larceny convictions and dismiss those cases, and we affirm the revocation of the suspended sentence in the case of possession of cocaine.

I.

On May 10, 1988, the trial judge entered judgment orders convicting Ronald Donnell McCray of three felonies. The judge convicted McCray for possession of cocaine and sentenced him to ten years in prison with five years suspended. He also convicted McCray for felony larceny, issuing a bad check in violation of Code § 18.2-181, and sentenced him to twenty years in prison with fifteen years suspended. On another felony larceny conviction for issuing a bad check, the trial judge sentenced McCray to twenty years in prison with all twenty years suspended. The larceny sentences were to be served consecutive to the cocaine sentence.

Following a hearing on August 22, 1995, and a finding that McCray violated the conditions of the suspended sentences, the trial judge "revoke[d] the previously suspended sentence[s] [on all three convictions] but resuspend[ed]" the sentences on specified conditions. At a hearing on November 21, 1995, the trial judge made a finding that McCray violated the conditions of the 1995 "resuspen[sion]." The trial judge then "revoke[d] five years of [the] previously suspended sentence on the charge of possession of cocaine, but re-suspend[ed] two years under the same

-

terms and conditions as previously set out."  The judge ordered

McCray placed on supervised probation upon his release from

prison.

On March 30, 1999, at a hearing to determine whether McCray

had failed to comply with the conditions of his suspended

sentences, McCray's counsel stipulated that McCray committed the

charged infractions.  He also informed the trial judge that the

1988 convictions for issuing bad checks "are Class 6 felonies" and

that the maximum sentence that should have been imposed was five

years for each charge.  Nonetheless, the trial judge ruled as

follows:

> It's the judgement of the Court . . .
> [that] you have about 37 years remaining
> here [and] that we're suspending 2 [years]
> on your cocaine and 15 [years] on your
> worthless checks, and 37 years in all.  It's
> the judgment of the Court that the suspended
> time be revoked and that you be sentenced to
> the penitentiary to serve all the suspended
> time that you have remaining here.  I will
> again suspend all of that time that you have
> here with the exception of three years.

Consistent with that ruling, the trial judge entered an order on

May 2, 1999, containing the following:

> The Court SENTENCES the defendant to:
>
> Incarceration . . . for the term of: 2 years
> for Possession of Cocaine, 15 years for
> Felony Worthless Check, CR88B-615-02 and, 20
> years for Felony Worthless Check,
> CR88B-615-03.  The total sentence imposed is
> 37 years.
>
> The sentence shall run consecutively with
> all other sentences.

-

> The Court SUSPENDS 14 years of the Felony
> worthless Check, CR88-615-02 sentence, and
> 20 years of the Felony Worthless Check,
> CR88B-615-03 sentence, for a total
> suspension of 34 years . . . .

McCray appeals from this order.

## II.

The Commonwealth concedes that, when McCray was convicted in 1988 on two felony bad check charges, Code § 18.2-181 provided that such a violation was a Class 6 felony and that the maximum sentence the trial judge could have imposed for such a conviction was five years in prison.  See Code § 18.2-10(F).  Accordingly, the Commonwealth agrees that after the trial judge sentenced McCray in 1988 to serve five years in prison on one bad check conviction, the trial judge could not have later revoked any portion of that sentence.

The Commonwealth also agrees that the trial judge did not specify either a period of probation or suspension when suspending all of the sentence on the second bad check charge. Thus, for any sufficient cause occurring within five years from 1988, the trial judge had a maximum of one year after that five year period within which he could have revoked McCray's suspended sentence on that charge.  See Code § 19.2-306.  The trial judge did not do so.

The Supreme Court has ruled that "a sentence in excess of one proscribed by law is not void ab initio because of the excess, but is good insofar as the power of the court extends,

-

and is invalid only as to the excess." Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 511 (1973). Applying this principle, we hold that the trial judge erred in 1988 by imposing a prison sentence in excess of five years on each of the bad check convictions and that, therefore, the trial judge had no authority on May 2, 1999 to revoke suspended sentences with respect to the bad check convictions and incarcerate McCray on those revocations.

### III.

At the hearing on March 30, 1999, McCray stipulated that he had violated the terms of the suspended sentence. Moreover, the record establishes that the suspended sentence for the possession of cocaine conviction was then still in effect.

Although McCray did not raise any objection at trial concerning the revocation of the sentence for possession of cocaine, he contends on appeal that the trial judge also erred in revoking that sentence because it was done during "a unitary revocation procedure based upon a Show Cause for violating both void and valid sentences." Absent an objection at trial, we are precluded by Rule 5A:18 from considering this issue.

Furthermore, the record does not affirmatively show that a miscarriage of justice has occurred. See Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). McCray stipulated that he violated the conditions upon which the suspended sentence for possession of cocaine was imposed.

-

Furthermore, the record clearly established that at each proceeding since 1988, the trial judge separated and tailored each revocation to each conviction.  Indeed, the order appealed from specifies the precise portion of the revoked suspended sentence attributable to the possession of cocaine conviction. Accordingly, we affirm this portion of the order.

<u>Affirmed, in part and reversed and dismissed, in part</u>.

-