COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Clements and Kelsey
Argued at Richmond, Virginia


ROBERT P. McKENNEY

                                                    MEMORANDUM OPINION[*] BY
v.        Record Nos. 3330-02-2          JUDGE JEAN HARRISON CLEMENTS
                 0473-03-2                              APRIL 6, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

Matthew P. Geary (C. David Whaley; Morchower, Luxton and
Whaley, on brief), for appellant.

Leah A. Darron, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


        Robert P. McKenney was convicted on his plea of guilty of feloniously uttering a bad check,

in violation of Code § 18.2-181.  In two separate appeals, McKenney contends the trial court erred

(1) in ruling it lacked jurisdiction to modify his sentence or reconsider his motion to withdraw his

guilty plea, and (2) in denying his motion to withdraw his guilty plea.[1]  Finding no error, we affirm

McKenney's conviction.

        As the parties are fully conversant with the record in this case and because this

memorandum opinion carries no precedential value, this opinion recites only those facts and

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Although McKenney's appeals have been assigned separate case numbers, they arise
out of the same proceeding and involve similar assignments of error.  Accordingly, we
consolidated them for purposes of appeal.

incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I. BACKGROUND

On June 14, 2001, McKenney pled guilty to feloniously uttering a bad check on July 30, 2000, in the amount of $20,000. After assuring that McKenney had entered his plea knowingly and voluntarily, the trial court found McKenney guilty of the charged offense and the case was continued for sentencing. On July 26, 2001, the trial court entered a conviction order memorializing its findings on June 14, 2001.

After conducting a sentencing hearing on December 3, 2001, the trial court sentenced McKenney to incarceration in prison for ten years, with eight years suspended for a period of twenty years, upon certain conditions. The trial court ordered that the sentence was to run consecutively with all other sentences. The trial court also ordered that McKenney was to "make restitution in accordance with a schedule of the probation officer" and that the probation officer was to "determine the amount of restitution owed by the defendant." The trial court entered an order memorializing McKenney's sentence on December 18, 2001.[2]

On September 6, 2002, McKenney filed a motion to vacate the December 18, 2001 sentencing order. As grounds for his motion, McKenney asserted that the sentence exceeded the maximum penalty of five years allowed under Code § 18.2-181 and that ordering the probation officer to determine the amount of restitution was in violation of Code § 19.2-305.1(C). The trial court held a hearing on McKenney's motion on December 2, 2002.

---

[2] On June 12, 2002, McKenney filed a motion to modify the sentence to reduce the two-year sentence or to allow the sentence to run concurrently with a sentence imposed in the Circuit Court of Hanover County. The Appendix record does not contain an order disposing of this motion.

At that hearing, the trial court acknowledged that, pursuant to Code § 18.2-181, the maximum penalty for McKenney's conviction was five years' imprisonment. Accordingly, the trial court vacated the sentencing order "to the extent that it incorrectly imposed a ten-year term" and sentenced McKenney to a term of five years' imprisonment, with three years suspended for a period of twenty years, upon certain conditions. The trial court further acknowledged that, pursuant to Code § 19.2-305.1(C), the court, rather than the probation officer, was to fix the restitution. After receiving evidence on the issue of restitution, the trial court vacated the sentencing order to the extent it incorrectly stated that "restitution was to be determined by the probation department" and "set restitution in the sum of $20,000," which was to "be paid according to an installment schedule to be determined by . . . McKenney's probation officer." The trial court held that the December 18, 2001 sentencing order was affirmed "[i]n all other respects."

During the December 2, 2002 hearing, McKenney also orally moved the trial court to withdraw his guilty plea based upon an actual innocence theory. In making that motion, McKenney relied on testimony presented by the victim regarding the issue of restitution. The trial court denied McKenney's motion to withdraw his guilty plea. The trial court entered an order memorializing its rulings on January 10, 2003.

Prior to the entry of the January 10, 2003 order, McKenney filed a motion to reconsider the trial court's denial of his oral motion to withdraw his guilty plea, and a motion to reduce the five-year sentence imposed by the court or to allow it to run concurrently with a sentence imposed by the Circuit Court of Hanover County. The trial court conducted hearings on McKenney's motions on January 13, 2003, and January 22, 2003. Concluding it lacked jurisdiction to rule on the motions because more than twenty-one days had passed since entry of the December 18, 2001 sentencing order and McKenney had been "received into the Department of Corrections," the trial

court dismissed the motions. The court entered an order memorializing its ruling on February 24, 2003.

These appeals followed.

## II. ANALYSIS

On appeal, McKenney argues, as he did below, that, because the sentence set forth therein exceeded the statutory maximum allowed by Code § 18.2-181 and its restitution provision violated Code § 19.2-305.1(C), the sentencing order of December 18, 2001 was a void order. Thus, McKenney asserts, it was not a final order. Consequently, his argument continues, no final sentencing order was entered until the trial court vacated the void December 18, 2001 order and, after taking evidence on the issue of restitution, resentenced him in the valid sentencing order entered on January 10, 2003. Therefore, he concludes, the trial court erred in dismissing for lack of jurisdiction his motions to modify his sentence and to reconsider the denial of his motion to withdraw his guilty plea, which were both properly filed within twenty-one days of entry of the final January 10, 2003 sentencing order. We disagree.

Under Rule 1:1, "[a]ll final judgments, orders, and decrees, irrespective of terms of court, shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Code § 19.2-303 provides:

> If a person has been sentenced for a felony to the Department of Corrections but has not actually been transferred to a receiving unit of the Department, the court which heard the case, . . . may, at any time before the person is transferred to the Department, suspend or otherwise modify the unserved portion of such a sentence.

Thus, if the defendant has been transferred to the penitentiary, once the twenty-one day time period following the entry of a final sentencing order has run without modification, vacation, or suspension of that order, the trial court loses jurisdiction to disturb the order, unless an exception applies. <u>See</u>

In re Dep't of Corrections, 222 Va. 454, 463-64, 281 S.E.2d 857, 862 (1981); Russnak v. Commonwealth, 10 Va. App. 317, 324, 392 S.E.2d 491, 495 (1990). McKenney argues that such an exception applies here because the December 18, 2001 order was void.

"A trial court clearly has the authority and responsibility to correct an illegal sentence at any time." Powell v. Commonwealth, 182 Va. 327, 340, 28 S.E.2d 687, 692 (1944). "A sentence in excess of one prescribed by statute is not void *ab initio* because of the excess, but is good insofar as the power of the court extends, and is invalid only as to the excess." Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973). "A court may impose a valid sentence in substitution for one that is void, even though service of the void sentence has been commenced." Id. at 305, 199 S.E.2d at 510. Furthermore, a "'void sentence does not invalidate a prior adjudication of guilt properly had; but, on the contrary, such adjudication furnishes a basis for the imposition of a valid sentence when the validity of the sentence imposed is called to the attention of the court.'" Batts v. Commonwealth, 30 Va. App. 1, 13, 515 S.E.2d 307, 313 (1999) (quoting Carter v. Commonwealth, 199 Va. 466, 470, 100 S.E.2d 681, 684 (1957)).

Here, the trial court, in its order entered December 18, 2001, sentenced McKenney to a prison term of ten years, although the maximum penalty permitted by Code § 18.2-181 was five years. Recognizing that the sentence imposed was in excess of the one prescribed by statute, the trial court, as it had the authority and responsibility to do, vacated that portion of the sentence that was excessive and imposed the maximum term of imprisonment of five years.

Similarly, the trial court directed in the December 18, 2001 sentencing order that the amount of restitution was to be determined by the probation officer, although Code § 19.2-305.1(C) specifically required the trial court to make that determination. Recognizing that it had "imposed a

- 5 -

sentence beyond which [it] was statutorily authorized to," the trial court vacated the invalid portion of the sentencing order and set restitution as it was statutorily required to do.[3]

Thus, we hold that the December 18, 2001 order was invalid only as to those portions of the sentence that were in excess of the trial court's statutory sentencing authority. It otherwise remained a valid final order. That the trial court heard evidence to determine the amount of restitution does not alter this conclusion. Because McKenney had been transferred to the Department of Corrections and his motions were filed more than twenty-one days after entry of the final sentencing order entered on December 18, 2001, the trial court did not err in dismissing for lack of jurisdiction McKenney's motions to modify his sentence and to reconsider the denial of his motion to withdraw his guilty plea.[4]

Accordingly, we affirm McKenney's conviction.

Affirmed.

---

[3] In this appeal, McKenney does not challenge the trial court's authority to determine restitution during the hearing on December 2, 2002; nor does he challenge the amount of restitution mandated in the January 10, 2003 order.

[4] Because we have held that the final order entered on December 18, 2001 remained valid as to all portions of the order that were not in excess of the court's statutory authority, we need not address McKenney's claim that the trial court erred in denying his motion to withdraw his guilty plea. The trial court did not have jurisdiction under Rule 1:1 to even consider that motion at the December 2, 2002 hearing. See also Code § 19.2-296 (providing that a motion to withdraw a guilty plea "may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court *within twenty-one days after entry of a final order* may set aside the judgment of conviction and permit the defendant to withdraw his plea" (emphasis added)).