COURT OF APPEALS OF VIRGINIA


Present:   Judges Benton, Frank and Felton
Argued at Chesapeake, Virginia


ATIF CHARLES

MEMORANDUM OPINION[*] BY
v.        Record No. 0616-03-1                JUDGE WALTER S. FELTON, JR.
JULY 20, 2004

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Von L. Piersall, Jr., Judge

Felipita Athanas, Appellate Defender (Public Defender Commission,
on briefs), for appellant.

(Jerry W. Kilgore, Attorney General; Leah A. Darron, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


Atif Charles (Charles) appeals an order of the trial court revoking his previously suspended

sentence and imposing a period of incarceration which he asserts impermissibly exceeds the

sentence originally imposed.  Specifically, he contends that the trial court erred in not giving him

credit toward his sentence for five months he spent in the Department of Corrections successfully

completing the Detention Center Incarceration Program.  Finding no error, we affirm the trial court.

BACKGROUND

The facts governing this appeal are not in dispute.  Charles was convicted in October 1997

of possession of heroin with the intent to distribute.  He was sentenced to serve five years in prison,

with four years suspended.  On release from incarceration after serving the active sentence of one

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

year, Charles was placed on probation. In August 2000, the trial court found that Charles had violated the terms of his probation and revoked his four-year suspended sentence. It then resuspended that sentence on the specific condition that Charles enter and complete the Detention Center Incarceration Program. See Code § 19.2-316.2.

Charles entered the program on December 3, 2001, and successfully completed it on April 26, 2002. On his release from the program, he was placed on intensive supervised probation for six months, followed by one year of supervised probation.

On February 11, 2003, the trial court found that Charles had again violated the terms of his probation, revoked his previously suspended sentence, and sentenced him to serve the remaining four years of the sentence originally imposed.

ANALYSIS

On appeal, Charles contends for the first time that the trial court erred in failing to credit him for the time he spent in the Detention Center Incarceration Program.

A. RULE 5A:18

The Commonwealth argues that because Charles failed to raise this specific claim at trial, he is barred by Rule 5A:18 from raising it for the first time on appeal. Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling." Charles concedes he did not present this argument to the trial court. Accordingly, his appeal is procedurally barred by Rule 5A:18, unless he can show "good cause" for failing to raise the issue at trial, or that the "ends of justice" require our review.

Charles does not argue on appeal that there is "good cause" for his failure to raise the issue in the trial court. He argues, however, that the record shows that an "ends of justice" exception should apply to permit our review because the trial court's ruling, in effect, increased

his sentence beyond the five-year penitentiary sentence originally imposed, after that sentence had become final.[1] See Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994) (noting that Code § 19.2-306 does not give a court "authority to lengthen the period of incarceration" once sentence imposed on the underlying charge becomes final). Because he concedes that he made no objection to the sentence imposed at trial, Charles can prevail on this appeal only if the ends of justice exception applies. If the sentence imposed by the trial court on revocation exceeds the sentence originally imposed, the excessive portion is invalid and objection can be raised at any time. Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510-11 (1973).

In order to find that a miscarriage of justice has occurred, we must conclude that the sentence imposed by the trial court was "clear error." See Tart v. Commonwealth, 17 Va. App. 384, 391, 437 S.E.2d 219, 223 (1993) (finding that the "ends of justice" provision requires consideration of whether "the record affirmatively shows [clear error or] that a miscarriage of justice has occurred" (citations omitted)).

Stated simply, Charles contends that the trial court's sentencing order imposing a term of four years imprisonment was void because the sentence imposed was in excess of the sentence originally imposed and which had become final. He argues that the time he spent in the detention center program was a period of incarceration for which he was entitled to credit when the trial court imposed the remaining sentence of four years imprisonment. Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid. Crutchfield v. Commonwealth, 187 Va. 291, 297, 46 S.E.2d 340, 343 (1948). A sentence in excess of one prescribed by law is not void *ab initio* because of the excess, but is good insofar as the power of the

---

[1] Rule 1:1 (Final judgment may not be modified after twenty-one days of entry.).

court extends, and is invalid only as to the excess. Royster v. Smith, 195 Va. 228, 236, 77 S.E.2d 855, 859 (1953).

Here, we must determine whether the time Charles spent in completing the detention center program was part of his probation imposed as a condition of his receiving a suspended sentence of imprisonment, or whether it was his serving of a portion of his sentence of imprisonment.

## B.  CREDIT FOR TIME SERVED

Code §§ 19.2-303 and 19.2-306 confer upon trial courts wide latitude and broad discretion in suspending sentences and in granting probation. See Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992); Davis v. Commonwealth, 12 Va. App. 81, 86, 402 S.E.2d 684, 687 (1991).  This Court has stated that:  "'[T]he probation [and suspension] statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals.'"  Briggs v. Commonwealth, 21 Va. App. 338, 344, 464 S.E.2d 512, 514 (1995) (quoting Grant v. Commonwealth, 223 Va. 680, 684, 292 S.E.2d 348, 350 (1982) (citations omitted)).

Code § 19.2-303 provides that "the court may . . . suspend the sentence in whole or in part and in addition may place the accused on probation under such conditions as the court shall determine."  "When a defendant fails to comply with the terms and conditions of a suspended sentence, the trial court has the power to revoke the suspension of the sentence in whole or in part."  Alsberry v. Commonwealth, 39 Va. App. 314, 320, 572 S.E.2d 522, 525 (2002) (citing Russnak v. Commonwealth, 10 Va. App. 317, 321, 392 S.E.2d 491, 493 (1990)); see Code § 19.2-306(C) (permitting the trial court to revoke a suspended sentence and "pronounce whatever sentence might have been originally imposed or . . . if the court originally suspended the execution of the sentence, the court shall revoke the suspension and the original sentence shall be in full force and effect").

"The only limitation placed on the trial court's discretion in determining what conditions to impose [under Code § 19.2-303] is that any condition be 'reasonable.'" Nuckoles v. Commonwealth, 12 Va. App. 1083, 1086, 407 S.E.2d 355, 356 (1991) (citations omitted).  In Nuckoles, this Court held that a trial court has authority to impose a twelve-month period of confinement in jail as a condition of suspending execution of a sentence of imprisonment.  Id. at 1084-85, 407 S.E.2d at 355.

In order to provide the courts with additional remedial sentencing measures for the rehabilitation of criminals, the General Assembly enacted various alternatives to imprisonment to further this goal, including the Boot Camp Incarceration Program, Code §§ 53.1-67.1 and 19.2-316.1, the Diversion Center Incarceration Program, Code §§ 53.1-67.7 and 19.2-316.3, and the Detention Center Incarceration Program, Code §§ 53.1-67.8 and 19.2-316.2.

Code § 19.2-316.2(A) provides that a trial court may commit certain nonviolent felons to a detention center program.  The individuals committed to this program are those who otherwise would have been sentenced to imprisonment for committing a nonviolent felony (as defined in Code § 19.2-316.1), or who have been previously incarcerated for a nonviolent felony but otherwise meet criteria for eligibility.

The detention center program, which operates as part of the Department of Corrections, provides "a highly structured, short-term period of incarceration for individuals committed to the Department under the provisions of § 19.2-316.2." Code § 53.1-67.8.  The detention center program "include[s] components for military-style management and supervision, physical labor in organized public works projects, counseling, remedial education, substance abuse testing and treatment, and community re-entry services." Id.  Providing an alternative to active sentence of imprisonment, the program offers the trial court a means to assist a defendant who has been

determined "will benefit from the program and is capable of returning to society as a productive citizen following successful completion of the program." Code § 19.2-316.2(A)(3).

Code § 19.2-316.2 is silent as to whether the trial court is required to credit the time spent in the program toward a defendant's service of a sentence of imprisonment when the previously suspended sentence is revoked. Charles contends that absent any language to the contrary in the statute, the trial court was required to give credit toward his sentence of imprisonment for the time he served in the program.

"In construing statutes, courts are charged with ascertaining and giving effect to the intent of the legislature." Crown Cent. Petroleum Corp. v. Hill, 254 Va. 88, 91, 488 S.E.2d 345, 346 (1997) (citing City of Winchester v. American Woodmark Corp., 250 Va. 451, 457, 464 S.E.2d 148, 152 (1995)). "Although [ambiguous] penal laws are to be construed strictly [against the Commonwealth], they 'ought not to be construed so strictly as to defeat the obvious intent of the legislature.'" Willis v. Commonwealth, 10 Va. App. 430, 441, 393 S.E.2d 405, 411 (1990) (citation omitted).

> Legislative intent is to be determined by the words in the statute. See Marsh v. City of Richmond, 234 Va. 4, 11, 360 S.E.2d 163, 167 (1987). Absent ambiguity, "the manifest intent of the legislature clearly expressed in its enactments should not be judicially thwarted under the guise of statutory construction." Cregger v. Commonwealth, 25 Va. App. 87, 90, 486 S.E.2d 554, 555 (1997).

Herrel v. Commonwealth, 28 Va. App. 579, 584, 507 S.E.2d 633, 636 (1998).

Code § 19.2-316.2 neither expressly requires nor expressly prohibits a trial court giving credit toward a sentence of incarceration for time a person spends in the detention center program. Clearly, the General Assembly created the program to provide a probationary alternative to an active sentence of imprisonment. The statute requires the probationer to complete the program as a specific condition of receiving a suspended sentence. Code

§ 19.2-316.2(A)(3) (offering the program to a defendant who "would otherwise be committed to the Department [of Corrections]"). Stated differently, the trial court provides an alternative for the convicted person to complete the detention center program instead of serving time in prison.

From our review of Code § 19.2-316.2, we conclude that the General Assembly intended for a trial court to exercise its discretion in determining whether to credit any time a defendant spends in the detention center program toward the originally imposed sentence of imprisonment.

Code § 19.2-316.2(A)(4) provides:

> Upon a finding that the defendant voluntarily withdrew from the program, was removed from the program by the Department for intractable behavior, or failed to comply with the terms and conditions of probation, the court *may* revoke all or part of the probation and suspended sentence and commit the defendant as otherwise provided in this chapter.

(Emphasis added). In other words, the defendant's failure to complete the program, whether voluntary or involuntary, permits the trial court to exercise its discretion to determine whether the defendant thereby violated the terms of his probation and whether it should revoke all or part of the defendant's suspended sentence. Code § 19.2-316.2(A)(4). Consistent with the trial court's discretion of whether to revoke a defendant's suspended sentence is its discretion of whether to credit all or part of the time a person spent in the program toward the sentence of imprisonment previously imposed.

Just as a trial court has discretion to credit all or part of the time spent in the program toward a sentence of incarceration for one who does not complete it, so also a trial court has discretion to credit all or part of the time spent in the program toward a sentence of imprisonment when that person successfully completes the program. Indeed, this Court has recognized a trial court's authority to credit the time a defendant spends incarcerated "pending the suitability evaluation and diagnosis" for another of the alternative incarceration programs,

even though the similarly worded statute, Code § 19.2-316.3, did "not require such a result." Rogers v. Commonwealth, 29 Va. App. 580, 587, 513 S.E.2d 876, 879 (1999).

Moreover, the language in Code § 19.2-316.2(A)(1), in effect when appellant was found to have violated his initial probation, provided that it was only at the defendant's request that he be committed to the Department of Corrections to determine his suitability for participation in the detention center program.[2] Once a person is subject to the terms and conditions of probation as a condition of suspended sentence of incarceration, he must abide by those conditions at the risk of having the suspended sentence revoked. Griffin v. Cunningham, 205 Va. 349, 354, 136 S.E.2d 840, 844 (1964); see also Code § 19.2-306(C).

By entering and completing the detention center program, Charles undertook a limit on his freedom in exchange for being placed on probation and not being imprisoned. He twice violated the terms and conditions of his probation which he was required to obey. Under these circumstances, Charles demonstrated an "unwillingness to avail [himself] of the opportunity afforded by the court." Connelly v. Commonwealth, 14 Va. App. 888, 890, 420 S.E.2d 244, 245 (1992). The trial court, in turn, was free to exercise its authority to credit Charles with the time spent in the program toward his sentence of imprisonment. It chose not to do so. We find no error in its decision.

Charles also argues that because the General Assembly expressly provided language denying credit toward a sentence for a person on parole in Code § 19.2-316.2(B), the absence of similar language in Code § 19.2-316.2(A) demonstrates legislative intent that persons who complete the program under that subsection must be awarded credit for that time spent in the program toward any sentence of incarceration. We disagree.

---

[2] In 2002, the General Assembly amended the statute to provide that the court *sua sponte*, or the attorney for the Commonwealth, may also request that the convicted person be evaluated to determine his eligibility for the program.

"If the several provisions of a statute suggest a potential for conflict or inconsistency, we construe those provisions so as to reconcile them and to give full effect to the expressed legislative intent." Mejia v. Commonwealth, 23 Va. App. 173, 176-77, 474 S.E.2d 866, 868 (1996) (*en banc*). Code § 19.2-316.2(B) provides that as an alternative to returning a parole violator to prison, he may be continued on parole on the condition that he complete the detention center program. That subsection expressly provides that "[t]he time spent in the program shall not be counted as service of any part of a term of imprisonment for which he was sentenced upon his conviction." Code § 19.2-316.2(B)(3). If the parole violator in the detention center program, or who has completed the program, subsequently violates the terms of his parole, he may be returned to prison to resume serving his sentence without credit for time spent in the detention center program. Stated differently, neither the trial court nor the Department of Corrections may credit the parolee with sentence credit for time spent in the detention center program under the express provisions of Code § 19.2-316.2(B). Clearly, the legislature intended to treat the parole violator differently than the probation violator in terms of sentence credit.

The absence of express language neither requiring nor prohibiting credit be given to individuals on probation under Code § 19.2-316.2(A) reflects legislative intent to permit the trial court to exercise its discretion whether to award credit on a case by case basis.

Permitting the trial court to exercise its discretion whether to credit time in the program is consistent with "[t]he obvious purpose of affording trial courts discretion in matters of suspension and probation . . . to provide a remedial tool to use in the rehabilitation of criminals." Nuckoles, 12 Va. App. at 1086, 407 S.E.2d at 356.

We also conclude that the General Assembly's use of the terms "incarceration" and "confinement" in Code § 19.2-316.2 does not reflect its intent to equate time spent in the detention center program to be equivalent to serving an active sentence of imprisonment. We

construe the challenged statute "from its four corners and not by singling out particular words or phrases." Smith v. Commonwealth, 8 Va. App. 109, 113, 379 S.E.2d 374, 376 (1989). Code § 19.2-316.2(A)(1) also provides that the trial court may order the "defendant *committed to the Department of Corrections* for a period not to exceed sixty days from the date of commitment for evaluation and diagnosis by the Department to determine suitability for participation in the Detention Center Incarceration Program." (Emphasis added). We have held that this period of confinement for evaluation is not required to be credited toward a defendant's suspended sentence, but may be credited in the trial court's discretion. See Rogers, 29 Va. App. at 587, 513 S.E.2d at 879.

We also note that the General Assembly has provided for specific instances where time is to be credited toward the service of a sentence of imprisonment. For example, Code § 53.1-187 provides that the time spent by an accused in pretrial confinement must be credited toward a sentence of incarceration. On the other hand, Code § 53.1-203 provides that the time served for an escape conviction shall not be credited toward the escapee's original sentence from which the escape occurred.

Other jurisdictions that have considered this issue have reached similar conclusions. See State v. Jakoski, 966 P.2d 663 (Idaho Ct. App. 1999) (a defendant sentenced after revocation of probation is not entitled to credit against the sentence for jail time served as a condition of probation); see also Williams v. State, 673 So. 2d 873 (Fla. Dist. Ct. App. 1996); People v. Rollins, 520 N.E.2d 1255 (Ill. App. Ct. 1988); People v. Jaynes, 178 N.W.2d 558 (Mich. Ct. App. 1970); State v. Sutherlin, 341 N.W.2d 303 (Minn. Ct. App. 1983); State v. Shapiro, 549 P.2d 1054 (Ariz. Ct. App. 1976). In addition, the position taken by American Law Institute is that a limited term of confinement imposed as a condition of probation should not be

credited toward the service of a sentence upon revocation of probation. Model Penal Code § 301.1(3).[3]

For the foregoing reasons, we conclude that Charles was not entitled as a matter of law to credit for time spent in the detention center program toward his sentence of incarceration. He was placed in the detention center program after he violated the terms of a prior probation as a condition of a suspended sentence of imprisonment. Having found that Charles had violated his probation a second time, the trial court had discretion to revoke his suspended sentence and to impose all or part of the remainder of his original sentence of imprisonment. Because Charles failed to request the trial court to grant credit for time spent in the program, and we have determined that it is within the sound discretion of the trial court whether to grant such credit, we cannot conclude that the trial court committed clear error in not awarding credit. Finding no requirement that the trial court must credit the time spent in the detention center program toward his sentence of imprisonment, we conclude that it did not err when it revoked Charles's suspended sentence and resentenced him to serve the remaining four-year sentence of imprisonment. In other words, the trial court did not sentence Charles to a period in excess of his originally imposed sentence.

Charles has failed to affirmatively show that a miscarriage of justice has occurred in his sentencing. Accordingly, we affirm the trial court's sentence of Charles to the four years

---

[3] Model Penal Code § 301.1(3) provides:

> When the Court sentences a person who has been convicted of a felony or misdemeanor to be placed on probation, it may require him to serve a term of imprisonment not exceeding thirty days as an additional condition of its order. The term of imprisonment imposed hereunder shall be treated as part of the term of probation, and in the event of a sentence of imprisonment upon the revocation of probation, the term of imprisonment served hereunder shall not be credited toward service of such subsequent sentence.

remaining of his original sentence without crediting any time served in the Detention Center Incarceration Program.

Affirmed.

Benton, J., dissenting.

The August 22, 2000 sentencing order indicates that the trial judge as a part of his sentencing decision ordered Atif Charles to "enter and successfully complete the Detention Center Incarceration Program." The detention center statute by its express terms characterizes the "system of residential detention centers [as providing] a highly structured, short term *period of incarceration* for individuals committed to the Department [of Corrections] under the provisions of [Code] § 19.2-316.2." Code § 53.1-67.8 (emphasis added). By failing to credit Charles for the Detention Center "period of incarceration" when he revoked the balance of Charles's unserved sentence, the trial judge lengthened Charles's period of incarceration beyond that which was ordered in the sentencing order. However, when a sentencing order has become final under Rule 1:1, a trial judge has "no authority to lengthen the period of incarceration." Robertson v. Superintendent of the Wise Correctional Unit, 248 Va. 232, 236, 445 S.E.2d 116, 118 (1994). Thus, I would hold that Charles's period of incarceration in the Detention Center Incarceration Program must be counted when determining the amount of incarceration Charles served under the August 22, 2000 sentencing order.

I agree with Charles's argument that the General Assembly has indicated its intent to treat probationers different than parolees by the express language in Code § 19.2-316.2(B), denying credit to a parole violator who is ordered into the program. Indeed, this is a rational distinction because "[t]he essence of parole is release from prison, before the completion of sentence." Morrissey v. Brewer, 408 U.S. 471, 477 (1972). The administration of the system of punishment and the functioning of the parole system are responsibilities of the executive department. Fishback v. Commonwealth, 260 Va. 104, 112, 532 S.E.2d 629, 632 (2000). The general rule in parole systems is that "[i]f a parolee is returned to prison, he . . . receives no credit for the time 'served' on parole." Morrissey, 408 U.S. at 480. See Burgess v. Cunningham, 205 Va. 623,

626, 139 S.E.2d 110, 112 (1964) (holding that the "General Assembly intended that a parolee is not entitled to have his parole time . . . credited upon his sentence").  The enforcement leverage that is unique to parole is the authority of the executive department to return the parolee to prison to serve the balance of the sentence when the parolee violates the terms of his release from prison.  Morrissey, 408 U.S. at 478-79.

For these reasons, I would reverse the order and remand for resentencing.