COURT OF APPEALS OF VIRGINIA


Present:   Judges McClanahan, Haley and Petty
Argued at Chesapeake, Virginia


MALCOLM W. SWILLING

                                              MEMORANDUM OPINION[*] BY
v.        Record No. 0055-08-1             JUDGE ELIZABETH A. McCLANAHAN
                                                  JANUARY 27, 2009
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                           Wilford Taylor, Jr., Judge

            Charles E. Haden for appellant.

            Jennifer C. Williamson, Assistant Attorney General (Robert F.
            McDonnell, Attorney General, on brief), for appellee.


        Malcolm W. Swilling appeals his conviction for shoplifting and argues he did not

knowingly and voluntarily plead guilty.  He also argues the trial court erred in sentencing him to

six years in prison (with four years and five months suspended) when the maximum penalty for

the offense, a Class 6 felony, was five years.  Finally, he argues the trial court abused its

discretion in refusing to run any part of his sentence concurrently with the twenty-four months he

was already serving on unrelated charges.  We affirm the conviction for shoplifting since

Swilling's argument regarding the voluntary nature of his plea is barred by Code § 19.2-296 and

Rule 5A:18.  We also find the trial court did not abuse its discretion in refusing to run his

sentence concurrently with the sentence he was already serving, but we remand to the trial court

for imposition of a sentence within the statutory maximum.

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.  BACKGROUND

On September 6, 2006, Swilling pled guilty to shoplifting of merchandise valued at less than $200, third or subsequent offense.  At his arraignment, the trial court conducted a plea colloquy in which Swilling admitted he fully understood the charge against him, discussed the elements of the charge with his attorney, and understood what the Commonwealth was required to prove against him.  Swilling told the court he discussed potential defenses with his attorney and decided on his own to plead guilty.  Swilling also told the court he was entering his plea freely and voluntarily because he was in fact guilty of shoplifting.  Swilling stated he understood that by pleading guilty he was losing his right to a trial by jury, his right to remain silent, his right to confront and cross-examine his accusers, his right to defend himself, and his right to appeal.  Swilling further stated no person threatened him or made promises to him concerning his plea and he understood he could be sentenced to a maximum of five years in the penitentiary.

Swilling was sentenced on November 28, 2007.  At that time, the trial court informed Swilling the low end of the sentencing guidelines recommended one year and seven months and the high end recommended three years and eleven months.  Swilling asked the court to consider the low end of the guidelines and to consider running his sentence for the shoplifting conviction concurrently with the twenty-four months he was presently serving on unrelated charges.  The trial court sentenced Swilling to six years, with one year and seven months to serve, consecutive to the time he was already serving.  Swilling filed a notice of appeal on December 13, 2007.

## II. ANALYSIS

### A. The Plea

Swilling contends he did not enter a "knowing and intelligent" plea of guilty and had "little or no opportunity to voice any concerns or objections he may have had with the voluntary nature of his plea."[1] We disagree.

On the date Swilling pled guilty, the trial court conducted an extensive colloquy with Swilling to ensure his plea of guilty was made knowingly, intelligently, and voluntarily. Swilling, at no time, raised any issues regarding the voluntary nature of his plea. During the fifteen months following his plea, Swilling could also have moved to withdraw his plea while the trial court still had jurisdiction. Code § 19.2-296 states:

> A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of a sentence is suspended; but to correct manifest injustice, the court within twenty-one days after entry of a final order may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Swilling never challenged the trial court's acceptance of his plea. Instead of filing a motion to withdraw his plea, Swilling filed a notice of appeal. See Rule 5A:6.

Swilling concedes he failed to present this argument about the voluntary nature of his plea to the trial court as required by Rule 5A:18[2] but argues the Court should apply the "ends of

---

[1] We note initially this case does not involve a challenge of the voluntary nature of a plea on a direct appeal where a motion to withdraw the plea was made pursuant to Code § 19.2-296 and denied by the trial court, see Justus v. Commonwealth, 274 Va. 143, 152-54, 645 S.E.2d 284, 287-89 (2007), since Swilling made no such motion. We also note "[t]his is not a habeas corpus case in which ineffective representation of counsel is asserted to establish that the defendant did not enter [a] constitutionally valid guilty plea[]." Id. at 154, 645 S.E.2d at 289.

[2] Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

justice" exception because he had "little or no opportunity to voice any concerns or objections he may have had with the voluntary nature of his plea." The main purpose underlying Rule 5A:18 "is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*). And we have held that "'Rule 5A:18 applies to bar even constitutional claims.'" Farnsworth v. Commonwealth, 43 Va. App. 490, 500, 599 S.E.2d 482, 487 (2004) (quoting Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998)). The Court will not consider on appeal a question not properly presented to the trial court unless "the record affirmatively shows that a miscarriage of justice has occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). As explained above, there is no merit to Swilling's contention that he had little or no opportunity to challenge the voluntary nature of his plea in the trial court. And the record does not indicate that any "miscarriage of justice" occurred. Because Swilling deprived the trial court of any opportunity to consider the arguments he now makes regarding the voluntary nature of his plea and the record, "we decline to review this issue as a basis for reversal for the first time on appeal." Allen v. Commonwealth, 27 Va. App. 726, 733, 501 S.E.2d 441, 444 (1998).

### B. The Sentence

Swilling also argues the trial court imposed a sentence in excess of the statutory maximum. We agree. The maximum punishment for shoplifting, third or subsequent offense, is five years. See Code §§ 18.2-10 and 18.2-104. Because the trial court imposed a six-year sentence, the sentence is excessive by one year and that part of the sentence is void. See Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510 (1973).

Swilling requested a new sentencing hearing. The Commonwealth initially requested a modification of the sentence voiding the excessive one-year portion but subsequently asserted it had no objection to a new sentencing hearing. Therefore, we will remand this case to the trial court for imposition of a sentence within the range of punishment authorized by Code §§ 18.2-10 and 18.2-104. Wilson v. Commonwealth, 46 Va. App. 73, 77 n.1, 615 S.E.2d 500, 502 n.1 (2005); Batts v. Commonwealth, 30 Va. App. 1, 16-17, 515 S.E.2d 307, 315 (1999). See Deagle, 214 Va. at 305, 199 S.E.2d at 510; Powell v. Commonwealth, 182 Va. 327, 340, 28 S.E.2d 687, 692 (1944). See also Ferguson v. Commonwealth, 51 Va. App. 427, 658 S.E.2d 692 (2008) (*en banc*).

Finally, Swilling argues the trial court abused its discretion by refusing to run any part of Swilling's sentence concurrently with the time he was already serving on unrelated charges. Under Code § 19.2-308, sentences are to run consecutively and not concurrently unless ordered by the court. The trial court's refusal to run Swilling's sentence with the time he was already serving was a decision within the trial court's sound discretion, see e.g., Lane v. Commonwealth, 223 Va. 713, 719, 292 S.E.2d 358, 362 (1982), and we find no abuse in the exercise of that discretion.

For the foregoing reasons, we affirm the conviction for shoplifting and the trial court's judgment ordering Swilling's sentence to run consecutive to the time Swilling was already serving, but we remand this case to the trial court for imposition of a sentence within the range of punishment authorized by Code §§ 18.2-10 and 18.2-104. See also Code § 19.2-303; Slayton v. Commonwealth, 185 Va. 357, 365, 38 S.E.2d 479, 482-83 (1946); Wright v. Commonwealth, 32 Va. App. 148, 151, 526 S.E.2d 784, 786 (2000) (suspension of a sentence is left to the trial court).

Affirmed and remanded.